CHARLES NICHOLS'S (dependent's) CASE.

Suffolk. November 14, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Workmen's Compensation Act.*

An award of compensation under St. 1911, c. 751, Part II, § 6, to the dependent widow of an employee of one half his average weekly wages for a period not exceeding three hundred weeks from the date of his injury, beginning from the date of the last of the weekly payments to him for incapacity to work before his death, is not to be diminished because the employee before his death also received twelve weeks' additional compensation under St. 1911, c. 751, Part II, § 11 (d), for the loss of a joint of a finger by reason of the same injury.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Jenney,* J. The report showed that the case was submitted to the Industrial Accident Board upon an

agreed statement of facts, which included the facts stated in the opinion, the question involved being whether the insurer had the right under the workmen's compensation act to deduct from the compensation due the widow as the sole dependent of the employee the additional payments made to the employee during the first twelve weeks after his injury and before his death for the loss by severance of the third finger of the right hand at the middle of the metacarpal bone under § 11 (d) of Part II of St. 1911, c. 751.

Besides the additional payments mentioned above, the employee had received from the insurer from the date of the injury, January 17, 1913, until his death on April 2, 1913, compensation for his total incapacity to work equal to one half his average weekly wages in accordance with the provisions of St. 1911, c. 751, Part II, § 9. No question was raised in regard to these payments.

The judge made a decree finding that the average weekly wages of the deceased, as decided by the Industrial Accident Board, were $8.50 and that a weekly compensation of $4.25 was due from the insurer to Ida S. Nichols, widow and dependent upon Charles Nichols, deceased, for a period of three hundred weeks from January 17, 1913, the date of the injuries, and ordering the insurer to pay to Ida S. Nichols such weekly compensation in accordance with this finding. The insurer appealed.

*H. S. Avery*, for the insurer.

No counsel appeared for the dependent widow.

BRALEY, J. The injury causing death is stated to have been blood poisoning necessitating the amputation of the third finger of the right hand at the middle of the metacarpal bone, for which the employee received twelve weeks' compensation in addition to the amount for disability. The insurer contends that the payments for loss of the finger should have been deducted from the compensation awarded to the widow.

It is plain under §§ 6, 9 and 10 of St. 1911, c. 751, Part II, that, if weekly payments for total or partial disability have been made to an injured employee before his death, compensation to dependents begins only at the date of the last of such payments.

But § 11 (d) as amended by St. 1912, c. 571, § 2, Sts. 1913, c. 445, § 1; c. 696, § 1, provides that, for the loss by severance of at least one phalange of a finger, one half of the average weekly wage, but not to exceed or fall below a certain sum for each week, shall

be paid for a period of twelve weeks in addition to all other compensation. The sections are not repugnant, and the wording is unambiguous. It is common knowledge, that a workman may receive personal injuries arising out of and in the course of his employment resulting in disability and entitling him to compensation although no loss in whole or in part of any member or organ of the body is suffered. The bodily impairment following upon the loss or reduction of normal vision, or the loss wholly or partially of hands or feet as enumerated in the statute, doubtless led by reason of the permanent character of the disability,.and the resultant loss of earning power, to putting specifically upon the insurer the burden of additional payments during the periods named, which are declared to be separate from "all other compensation." The statute not having been designed to promote, but to decrease the opportunity for unnecessary litigation, its purpose will be best subserved if plain words are given their ordinary signification, and, no provision being found in § 6 for any deduction of this amount, the widow as the sole dependent is entitled to compensation from the date of the last payment to the deceased employee for a period not to exceed three hundred weeks from the date of the accident, at the rate specified in the decision of the Industrial Accident Board. *Cripps's Case*, 216 Mass. 586.

The decree of the Superior Court is to be modified accordingly and when so modified it is affirmed.

*So ordered.*

