ANTONIA JACKSON *vs.* THE BERLIN CONSTRUCTION COMPANY (THE BERLIN CONSTRUCTION COMPANY'S APPEAL FROM COMPENSATION COMMISSIONER).

* Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and HAINES, Js.

The compensation to which the dependent of a deceased employee may be entitled, is not to be debited with the amount previously paid to the employee during his incapacity caused by the injury from which he afterward died. Under the Compensation Act (General Statutes, §§ 5349–5352, 5361) these two forms or classes of compensation are separate, independent and distinct, each accrues at a different time, each is payable to a different person, and neither is the subject of set-off, counterclaim or recoupment as against the other.

Section 14 of the Compensation Act (General Statutes, § 5354) provides that in fixing the amount of compensation, "due allowance shall be made for any sum which the employer may have paid to any injured employee or to his dependents on account of the injury." *Held* that this provision referred to advance payments to employees when their compensation was in question, and to advance payments to dependents when the question concerned their compensation, and was not intended to obliterate the distinction, very clearly made by the Act, between the two classes or forms of compensation.

Argued October 31st—decided December 17th, 1918.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the second district in favor of the plaintiff, taken to and tried by the Superior Court in New London County, *Greene, J.*, which sustained the appeal and modified the award of the Commissioner by crediting the defendant with the sum of $1,010 which it had paid to the injured employee during his lifetime, and from this judgment the plaintiff appealed. *Error; appeal from Commissioner to be dismissed.*

* Transferred from second judicial district.

*Wilson H. Pierce,* for the appellant (plaintiff).

*Christopher L. Avery,* for the appellee (defendant).

WHEELER, J.   Jackson, an employee of the Berlin Construction Company, received an injury on March 26th, 1914, consisting of a fracture of his right leg, which arose in the course of and out of his employment. A wound was produced by this injury; it did not heal and it became necessary to amputate the leg.   As a result of these injuries he died on March 18th, 1916.

Jackson and the Construction Company entered into a voluntary agreement in accordance with the Compensation Act, duly approved by the Commissioner, under which Jackson received weekly payments, together with the medical, surgical and hospital services, amounting in all to $1,010.

The Commissioner awarded to the wife of the decedent $750, being compensation at the rate of $10 per week for 65 weeks from March 17th, 1916, to June 14th, 1917, plus $100 for funeral expenses, and a further compensation of $10 per week for a period of 247 weeks.

The Superior Court sustained the appeal from the Commissioner and modified the award, by crediting the defendant upon the judgment with said sum of $1,010, being the amount paid to Jackson under the voluntary agreement.   The sole question raised upon the appeal is as to the ruling of the court modifying the award by crediting the amount paid to Jackson in his lifetime.

The legality of such a credit depends upon whether, under our Act, the compensation paid to this employee was an indivisible part of the compensation awarded after death to the dependent.   If so, the statute must be so construed as to give this credit.   But if the com-

pensation is separable, and that paid to the employee is independent of that paid to the dependent wife, a construction compelling this credit could not be made unless the language of the statute were imperative. General Statutes, §§ 5351, 5352, provide that compensation for either total or partial incapacity "shall be paid to the injured employee." It is paid to him because the statute intends to provide support for him during his period of incapacity. Whatever is paid him belongs to him. Whatever of compensation accrues in his lifetime and is unpaid becomes upon his decease an asset of his estate.

The voluntary agreement was made under General Statutes, § 5361, between the employer and the employee. The dependent wife had no privity with this contract, and no right to its payments in the lifetime of the employee or to any which remained unpaid at his decease.

General Statutes, § 5349, provides that as compensation for death there shall be paid (a) for burial expenses, $100; (b) to those wholly dependent upon the deceased employee, a certain weekly compensation; (c) in case there is no one wholly dependent upon the deceased, a certain weekly compensation to those partially dependent. This compensation does not arise until the decease of the employee. He has no interest in it. His estate has no interest in it except as to the compensation for burial expense. Only those who are wholly or partially dependent are entitled to the weekly compensation. The statute, General Statutes, § 5350, defines who are dependents, and none other can claim this compensation. The compensation awarded the dependent is made to take the place of the wages which the employee can no longer earn, and in which those who were dependent upon him for support had an interest. The purpose of the statute

is benefit to the dependent, not to the estate of the deceased employee.

Only the dependent or his assignee can discharge the liability of the employer to pay this compensation. The right of the dependents to compensation upon the death of their decedent comes from the statute, not from the deceased. The credit of compensation paid to the employee, against the compensation awarded the dependent, assumes, of necessity, that the dependent had an interest in the compensation paid the employee, otherwise it could not be used by way of set-off or recoupment. Under the common law, the right to damages for a decedent's death formed no part of the decedent's estate, and claims against him or it could not be used by way of set-off, counterclaim or recoupment against the death claim. The compensation by the Act continues not "longer than three hundred and twelve weeks after death." A stronger claim might have arisen that payments to the decedent employee in his lifetime were intended to be deducted from the award to the dependent, had the language used been "after injury" instead of "after death."

The intent of the Workmen's Compensation Act to make the claim of the injured employee for compensation for his incapacity a personal claim belonging to him alone, and to make the claim of the dependent for compensation come into existence upon the employee's death and to belong wholly to the dependent, and neither to be the subject of set-off, counterclaim or recoupment against the other, seems entirely clear, unless § 14 of Part B (General Statutes, § 5354), specifically recognizes such a right. This provision reads as follows: "In fixing the amount of any compensation under this chapter due allowance shall be made for any sum which the employer may have paid to any injured employee or to his dependents on account of the in-

jury, except such sums as the employer may have expended or directed to be expended for medical, surgical or hospital service." The respondent asserts that this section of the Act concludes the discussion and entitles the respondent to this credit. To overthrow the clearly expressed intent of the Act, supported as it is by the better reason, requires us to find language which clearly leads to this conclusion. We do not think this section intended any such result. The "due allowance" which is to be made is the sum already paid to the employee, and it is the sum already paid to the dependent; neither shall be paid twice. The compensation to the employee is distinct from that to the dependent. The allowance of payments made to the employee cannot be made against the compensation to the dependent, and *vice versa*. A different construction might lead to the anomaly of having the entire claim of the dependent exhausted by a credit of sums paid the employee for the injury which later resulted in death. The compensation expressly given the dependent by this Act should not be permitted to be diminished by crediting sums paid the employee in his lifetime, unless this course is plainly sanctioned by the statute; and we think the contrary is the reasonable construction.

We cannot agree with the trial court that the meaning of this language, grammatically regarded, is that any previous payments to either employee or dependents shall be allowed for in fixing subsequent compensation to either. The trial court assumes in its reasoning that the payments to the employee were payments to the dependent. This is quite contrary to the fact and the law. The payments to the employee belonged to him. The court failed to note that the Act provides two distinct forms of compensation, the one for incapacity, the other for death; the one payable to and belonging to the employee, the other payable to and

belonging to the dependent. The heading of the section, "Allowance for advance payments," expresses the purpose of the section: the payment upon an obligation before it was due or determined. But the payments made to Jackson were due under the voluntary agreement and were paid for his benefit. The employer may make advance payments to the employee or to the dependent, and this section intended to give him the right to credit upon the amount found due the employee, the advance payments made by the employer, and upon the amount found due the dependent, the advance payments made to the dependent.

English authorities permitting the deduction claimed, follow the specific terms of their statute. Massachusetts has decided the defendant's contention adversely to it. *Cripps' Case*, 216 Mass. 586, 104 N. E. 565; *Nichols' Case*, 217 Mass. 3, 104 N. E. 566.

There is error, the judgment is set aside and the cause remanded with direction to the Superior Court to enter judgment dismissing the appeal from the Commissioner.

In this opinion the other judges concurred.