MARGARET E. NICKERSON'S CASE.

Waldo.    Opinion May 6, 1926.

*Under the Workmen's Compensation Act, when an employee is totally incapacitated for work from injuries not of the character enumerated in the last sentence of Section 14, in which permanent total disability is conclusively presumed, nor included in the schedule of injuries in Section 16 in which the disability is deemed to be total for certain specified periods, and death ensues after the injured employee has been paid compensation, the rights of dependents are not fixed by Section 14, but must be referred to Section 12 for determination.*

Under Section 12 the dependent widow of an injured employee, who has received compensation, is entitled to compensation beginning from the date of the last payment to the injured employee and continuing not more than 300 weeks from the date of the injury, not exceeding $3500 under the Act of 1919, Chap. 238, Sec. 12, or $4000 under the amendment of 1921, Chap. 221, Sec. 4.

When death follows an injury after compensation has been paid to the injured employee, the employer is not entitled to credit for the amount paid to the injured employee under Section 14 upon his liability to dependents under Section 12.

On appeal.    On November 5, 1920, Roy Nickerson while in the employ of the Penobscot Coal & Wharf Company, received an injury, and by agreement compensation was awarded and paid to Mr. Nickerson until his death, February 21, 1922, and on a petition by his dependent widow the same weekly compensation was ordered and to continue according to the provisions of Section 12 of the Compensation Act, which was paid until the aggregate paid to Mr. Nickerson and to his widow amounted to $3500 when the employer and insurance carrier filed a petition praying to be relieved from further obligation, alleging that they had fulfilled their obligation under Section 12 of the Act, on which petition they were ordered by the Commission to continue the weekly payments of $15 to the widow, commencing from the date of the last payment to her, until they had paid her $3500 or until a period of 300 weeks from the date

of the accident had expired, from which decree an appeal was taken. Appeal dismissed.    Decree below affirmed with costs.

The case fully appears in the opinion.

*Buzzell & Thornton*, for claimant.

*Robert Payson*, for respondents.

SITTING: PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, BARNES, BASSETT, JJ.

PHILBROOK, J., non-concurring.

MORRILL, J.    This case is an appeal under the Workmen's Compensation Act by the employer of one Roy Nickerson, and the insurance carrier, from a decree of the Chairman of the Industrial Accident Commission upon their petition for a determination of their liability under a decree of the Chairman dated December 19, 1923, upon the petition of Margaret E. Nickerson, dependent widow of said Roy Nickerson.    The facts are undisputed.    On November 5, 1920 the said Roy Nickerson was injured while employed by Penobscot Coal & Wharf Company.    An agreement for compensation, duly approved by the Commissioner of Labor and Industry, was made between the parties by the terms of which Mr. Nickerson was to receive compensation in the sum of $15 per week, (the maximum amount then payable) beginning November 15, 1920 and continuing during period of disability.    Compensation was paid accordingly until the death of Mr. Nickerson which occurred February 21, 1922.

On March 1, 1923, Margaret E. Nickerson filed a petition for compensation, as the dependent widow of Roy Nickerson, alleging that her husband died as a result of the injuries sustained on November 5, 1920; the respondent answered, denying that the death resulted from said injuries, and a hearing was had.    On December 19, 1923 the Chairman filed his decree, finding "that Roy Nickerson died on February 21, 1922, as a direct result of the injuries received by him while in the employ of the Penobscot Coal & Wharf Co. on November 5, 1920," and ordering compensation paid to Mrs. Nickerson "in the sum of fifteen dollars per week, commencing February 21, 1922, and continuing according to the provisions of Section 12 of the Compensation Act."

This order of December 19, 1923 was complied with, and Mrs. Nickerson was paid in accordance with its terms until the amount so paid, added to the amount paid to Mr. Nickerson, and a check of Five Dollars tendered to Mrs. Nickerson as a final payment and refused by her for that reason, aggregated $3500. The employer and insurance carrier then filed their petition dated June 27, 1925, claiming that the total payments made to said deceased and his said dependent widow in the sum of $3500, fulfill their obligation under Section 12 of the Compensation Act, and praying for a ruling as to whether or not the decree of December 19, 1923 had been fulfilled. Upon hearing the employee and insurance carrier were ordered "to continue the weekly payments of compensation to Margaret Nickerson in the sum of $15 each, commencing from the date of the last payment to her and continuing until they have paid to Margaret E. Nickerson the sum of $3500 or until a period of 300 weeks from the date of the accident has expired." From this order the appeal before us was taken.

Briefly stated, it is the contention of appellants that the Legislature intended to limit to $3500 the amount which the employer may be required to pay for compensation for injury, or for injury and death, should death follow injury after compensation has been paid to the injured employee, as held in *Sinclair's Case*, 248 Mass., 414, 143 N. E., 330. Mindful that The Workmen's Compensation Act is to be liberally construed so that its beneficent purpose may be reasonably accomplished (*Simmons' Case*, 117 Maine, 175, 177; *Scott's Case*, 117 Maine, 436, 443; *White* v. *Ins. Co.*, 120 Maine, 62, 69), we think that Sinclair's Case is not decisive of the case before us. That decision is based upon a construction of the Massachusetts Act (G. L. 1921, Chap. 152, Secs. 31, 34) in which there is the same limitation ($4000) upon liability in case of death and liability for total disability. The law of Maine has never had such uniform limitations.

The instant case is governed by The Workmen's Compensation Act of 1919, Chap. 238, Secs. 12, 14; in Section 12 a limitation of liability in case of death resulting from injury is fixed at $3500 and in Section 14 a limitation of liability in case of total incapacity is fixed at $4200; by later legislation (Public Laws 1921, Chap. 222, Secs. 4 and 5) those limitations are $4000 and $6000 respectively. Both sections also contain provisions for continued payments to dependents after the death of an injured employee who has been receiving compensation in his lifetime, provisions which upon first reading appear contradictory.

The record discloses that the injuries received by Mr. Nickerson resulted in a total incapacity for work, although they were not of the character enumerated in the last sentence of Section 14 in which permanent total disability is conclusively presumed; nor were they included in the schedule of injuries in Section 16 in which the disability is deemed to be total for certain specified periods. But under Section 14 he was entitled to receive $15 a week, while the total incapacity continued, for a period not greater than 500 weeks, and to an amount not exceeding $4200. Mr. Nickerson died while totally incapacitated, about fifteen and one half months after the injury. What then were the rights of the dependent wife? We quote from Section 14:

"If the employee shall die before having received compensation to which he is entitled or which he is receiving as provided in this act, the same shall be payable to the dependents of the said employee for the specified period, and the dependents shall have the same rights and powers under this act as the said employee would have had if he had lived."

Does this mean that in the instant case the rights of dependents are fixed by this section, and that the widow becomes entitled to receive $15 dollars a week for the remainder of the period of 500 weeks, not exceeding the balance of $4200? A literal interpretation of the language might lead to that conclusion, but we think that such could not have been the intention of the Legislature. It will be noticed that the rights of dependents are not made contingent upon death resulting from the injury; but death from any cause before the injured employee has "received compensation to which he is entitled or which he is receiving as provided in this act," fixes the rights of dependents. If this provision is applied literally to a case like the present case, it would be possible, upon the death of an injured employee, who was recovering from a total incapacity not conclusively presumed to be permanent, nor presumed to be total for a specified period (Section 16), for the dependent to receive compensation for a longer period and to a greater amount than the employee would have received, if he had lived, because there would be no way of ascertaining with certainty when the period of total incapacity would have ceased. We think that the passage quoted refers to cases of presumed total incapacity to work, and that the words "specified period" refer to the period of total disability

conclusively presumed to be permanent in cases specified in the following sentence, viz.: 500 weeks, and to the periods of presumed total disability fixed in Section 16. It follows that in cases like the present, where there is no presumed period of total incapacity to labor, the rights of dependents are not fixed by Section 14, but must be referred to Section 12 for determination.

When the original Workmen's Compensation Act of 1915 (R. S., 1916, Chap. 50, Secs. 1-48) was repealed and the Act of 1919 substituted therefor the provisions of Section 12, relating to compensation to dependents in cases of death of the employee resulting from the injury, modified as to the amount of weekly compensation, were retained, with a single amendment.

After the clause limiting the period of compensation to 300 weeks, the Legislature inserted the words, "and in no case to exceed three thousand five hundred dollars." Appellants claim that this clause was intended as a limitation upon their liability for injury and for injury and death, should death follow injury after compensation has been paid to the injured employee. In other words, they claim a credit for the amount paid to the injured employee under Section 14 upon their liability to dependents under Section 12.

This contention cannot be sustained. The rights of an employee totally incapacitated for work are fixed by Section 14 which applies to such injuries and "nothing else" (*Phillips' Case*, 123 Maine, 501, 503); the rights of dependents of an employee who dies as the result of an injury are fixed by Section 12; in these sections the limitations of the periods during which compensation is to be paid, and of the aggregate amounts of compensation are different, thus clearly indicating that they are intended to apply only to proceedings under the sections in which they are respectively found; the words, "in no case," must refer to cases arising under the particular section to which the limitation is applicable.

The significance of the clause in Section 12, inserted by the Legislature of 1919, is this: without the limitation a dependent entitled to the highest weekly compensation ($15) would receive for 300 weeks $4500; with the limitation compensation ceased at $3500. As the law now stands, since the amendment of 1925 Chap. 201, a dependent entitled to the highest weekly compensation ($18) would receive for 300 weeks $5400, but by the limitation compensation ceases at $4000.

The controlling principle is well stated in *Jackson* v. *Berlin Construction Co.*, 93 Conn., 155; 105 Atl., 326, in which the employer claimed to credit upon its liability to a dependent the sum of $1010 paid by it to the injured employee before his death. The Superior Court allowed the credit; the Supreme Court of Errors reversed the judgment. After dicussing and overruling the contention that a certain provision of the Connecticut statute permitted such credit, the opinion of the latter court says:

"The compensation to the employee is distinct from that to the dependent. The allowance of payments made to the employee cannot be made against the compensation to the dependent, and vice versa.

"A different construction might lead to the anomaly of having the entire claim of the dependent exhausted by a credit of sums paid the employee for the injury which later resulted in death.

"The compensation expressly given the dependent by this act should not be permitted to be diminished by crediting sums paid the employee in his lifetime, *unless this course is plainly sanctioned by the statute.*"

There is no language in the Maine statute which plainly sanctions the present contention of the appellants. The first part of Section 12 deals broadly with cases of death resulting from compensable injuries without any intervening period of incapacity for which compensation has been paid. Near the end of the section, after provisions for the benefit of dependents, those wholly as well as those partially dependent, is found the only provision specifically applicable where death, resulting from the injury, occurs after compensation has been paid to the injured employee, viz.:

"When weekly payments have been made to an injured employee before his death the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

This sentence is for the benefit of the employer and protects him from paying compensation twice for the same period. The Pennsylvania Law has a similar provision. *Nupp* v. *Estep Bros. Coal Mining Co.*, 272 Pa., 159, 116 Atl., 391. See *Phillips' Case*, supra, Page 504.

The action of the Legislature of 1919 in placing a limit of $3500 upon liability in case of death, when a corresponding limit of $3000, increased by the same act to $4200, upon liability for total disability had existed since the passage of the original act of 1915, cannot be fairly considered as giving such sanction.

On the contrary, the provision of Section 12, last quoted, upon the familiar maxim, "expressio unius est exclusio alterius," excludes the idea that there is to be a further credit of the amount paid to the deceased, and a corresponding reduction of the compensation due a dependent.

The "anomaly" referred to by the Connecticut court is very apparent upon an examination of the Maine statute. As the law stood in 1919, if the injured man had lived 200 weeks, he would have drawn $3000, probably all expended in the support of his family, and his wife would have been entitled to compensation for 100 weeks, less ten days, at $15 per week, say $1500. If the insurer is entitled to credit for the amount paid the deceased, the dependent wife would receive $500; if he had lived 230 weeks, he would have drawn $3450 and upon the same theory his dependent wife would receive a paltry $50, although 70 weeks of the 300-week period would remain. As the law now stands, since the amendment of 1925, Chapter 201, if an injured employee entitled to the maximum payment of $18 per week lives for 225 weeks, he will have drawn $4050, and upon the same theory his dependent wife will receive nothing, although 75 weeks of the 300-week period will remain.

We are unwilling to accede to a construction which leads to such results, subversive of the beneficent purposes of the Act, without a clear and positive legislative declaration to that effect.

In certain states a reduction of the amount payable to dependents, equivalent to the amount paid to the injured employee in his lifetime, as here claimed, seems to be expressly allowed: Wisconsin, *Milwaukee Coke & Gas Co.*, v. *Industrial Com.*, 160 Wis., 247, 251; Illinois, Act of 1913, Sec. 8, Sub. Sec. (g), as amended by Act of 1919; Minnesota, Act of 1913, Chap. 467, Sec. 13, Sub. Sec. (f) as amended by Chap. 44, extra session of 1919; Michigan, Act of 1912, Part II., Sec. 12, as amended by Act No. 64 of 1919; and perhaps others.

The conclusion at which we have arrived is in harmony with the spirit and reasoning in *Phillips' Case*, 123 Maine, 501.

*Appeal dismissed.*
*Decree below affirmed,*
*with costs.*