INTERNATIONAL MERCANTILE MARINE CO. v. LOWE, Deputy Commissioner, United States Employees' Compensation, Commission (MALONEY, Intervener).

No. 102.

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1938.

664

Burlingham, Veeder, Clark & Hupper, of New York City (Ray Rood Allen and Edward L. Smith, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (David W. Wainhouse, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Michael Maloney, a longshoreman, was injured April 5, 1927, and was paid disability compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, § 8(a), 33 U.S.C.A. § 908(a), for a period of over seven years, totaling $6,-375. He died as a result of the injuries May 17, 1934, and his widow, the appellee, filed a claim with the Commissioner and was awarded $10.50 per week from the date of his death "until a total of $7,500 in death benefits shall have been paid." Appellant sued for an injunction against this payment, requesting a modification so that the total compensation payable as a result of the accident to Michael Maloney would be $7,500.

The Longshoremen's and Harbor Workers' Compensation Act provides compensation for total disability adjudged to be permanent at 66⅔ per cent. of the average weekly wages to be paid to an employee during the continuance of such total disability. 33 U.S.C.A. § 908(a). Under this provision Maloney was paid his compensation. But section 9 of the act, 33 U.S.C.A § 909, grants compensation as a death benefit to specified persons in the event that death is caused by the injury. Such compensations are awarded irrespective of the question of negligence on the part of the employer.

Section 13(a), 33 U.S.C.A. § 913(a), provides that the right to compensation for disability under the chapter shall be barred unless a claim therefor is filed within a year after the injury and the right to compensation for death shall be barred unless the claim is filed within one year after the death, except where payment of compensation has been made without an award on account of such injury or death, in which event a claim may be filed within one year after the date of the last payment. Section 14(m), 33 U.S.C.A. § 914(m), provides that "the total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7,-500." It is appellant's contention that the two rights, one for compensation for injury and one for death ensuing, must be combined, and that the maximum allowance for both shall not exceed $7,500. But the disability benefits fixed by section 8 of the act and the right of the widow to death benefits under section 9 are different. They have different claimants thereto; one arising in the event of injury not resulting in death and the other arising only in the event of death. They were separately provided for by separate sections of the act and accrue on different bases. The amount to which the widow or next of kin is entitled is for their ex-

clusive benefit and is entirely separate and distinct from the compensation for disability allowed the employee. The amount is in no way affected by the fact that the employee received compensation for disability up to the time of his death. As used in section 14(m), the word "or" is a disjunctive particle signifying an alternative. The phrase "for injury or death," as used, means that the $7,500 thereunder limits separately the amount of compensation which may be paid for disability and the amount which may be paid for death. To read it otherwise would be to say that, where the employee prior to death suffered prolonged disability, the rights of his widow and minor children and dependent relatives to death benefits as set forth in section 9 would be impaired or entirely defeated. The one right cannot defeat the other. The separation of the awards in the statute indicates that Congress intended this purpose. Section 9 is entitled "Compensation for death," and says: "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following."

■ And section 8(a) plainly provides for the right to compensation in case of disability. When death occurs, a new cause of action arises which requires an adjudication on all questions such as accident, notice of death, claim, causal relationship, and dependency. In construing the statute, every portion thereof must be construed in connection with the whole. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. In so doing, it is apparent that Congress definitely provided a death benefit for the widow, and it is reasonable to assume that, if it were intended there would be none in the event that the employee received $7,500 before death, Congress would have included such an important limitation in the section providing for the death benefit. Again, if appellant's interpretation be correct, there would be no death benefit for the widow and children, and, if the injured employee lingered for years and then died as a result of the injury, the payment of compensation to him might easily total the full $7,500 and the widow receive nothing, although by the statute her right to compensation had arisen. The death benefit was not intended to be thus defeated. To so rule would be contrary to what has now become the public policy enacted into law.

■ Compensation statutes are liberally construed. As the Supreme Court has said, in Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct. 187, 189, 76 L.Ed. 366: "Such laws operate to relieve persons suffering such misfortunes of a part of the burden and to distribute it to the industries and mediately to those served by them. They are deemed to be in the public interest and should be construed liberally in furtherance of the purpose for which they were enacted and, if possible, so as to avoid incongruous or harsh results."

In examining the authorities to which we are referred, it is necessary to have in mind the statutes involved in each. In Jackson v. Berlin Construction Co., 93 Conn. 155, 105 A. 326, an employee received an injury on March 26, 1914, arising in the course of his employment. He died March 18, 1916. Before his death he received $1,010. The question presented there was whether the ruling below modifying the award by crediting the amount paid to the employee during his lifetime against the benefit due the widow was proper. The act there considered placed a limitation applying to allowances for "advance payments." The court said, however, that the compensation expressly given the dependents by that act should not be permitted to be diminished by accrediting the sums paid the employee in his lifetime unless plainly sanctioned by the statute. It there held that previous payments made to the employee should not be· set off against the death benefits payable to the widow.

In Sinclair's Case, 248 Mass. 414, 143 N.E. 330, in awarding a death benefit to a dependent, the amount paid an employee for total disability before his death was deducted pursuant to the Massachusetts Statutes of 1911, c. 751, §§ 6, 9, as amended by the Statute of 1914, c. 708, §§ 2, 4, now General Mass.Laws, c. 152, §§ 31, 34. That statute, the court said, made plain the purpose of the Legislature to limit the amount to $4,000 which the insurer may be required to pay for injury, or for injury causing death, or injury and death should death follow injury after compensation has been paid to the injured employee. Section 31 provided, in case of injury, compensation for 500 weeks from the date of injury and, "when weekly payments have been made to an injured employee before his death, the compen-

sation to dependents shall begin from the date of the last payment, but shall not continue more than five hundred weeks from the date of the injury." And section 34 provides, in case of total incapacity, for payment of compensation weekly, but "the period covered by such compensation shall not be greater than five hundred weeks nor the amount more than four thousand dollars."

These sections of that compensation statute justified the ruling of the Massachusetts court.

In Nickerson's Case, 125 Me. 285, 133 A. 161, the Supreme Court of Maine considered its Compensation Act. Section 12 of that act, Laws 1919, c. 238, provided a limitation of liability in case of death of $3500, and in section 14, Laws 1919, c. 238, limitation of liability in case of total incapacity is fixed at $4,200. Section 14 provides: "if the employee shall die before having received compensation to which he is entitled or which he is receiving as provided in this act, the same shall be payable to the dependents of the said employee for the specified period, and the said dependents shall have the same rights and powers under this act as the said employee would have had if he had lived." The court said, 125 Me. 285, 133 A. 161, at page 162: "In these sections the limitations of the periods during which compensation is to be paid and of the aggregate amounts of compensation are different, thus clearly indicating that they are intended to apply only to proceedings under the sections in which they are respectively found." The court there was led to its conclusion by the phrasing of the statute.

In Proops v. Twohey Bros., 29 Ariz. 164, 240 P. 277, 280, the statute limited liability to $4,000, and prior to death the employee was paid $1,456.34. His widow in the suit sought the difference, namely, $2543.66, and the court held that the widow was not entitled to anything since the employee, according to the statute, must die within six months of his injury before a right to death benefits would accrue. The court said, however: "Compensation which subdivision 3 provides the personal representative of a deceased workman shall be paid for the exclusive benefit of the widow and children is separate and distinct from that allowed the employee himself. The amount thereof is in no way affected by the fact that the latter received compensation up to the time of his death, for, notwithstanding this the personal representative is entitled to twenty-four hundred times one-half of the daily earnings of the decedent, and this is true, even though the amount should total $4,000, the maximum allowed under the law in any one case. The employer could not reduce his liability for this sum by showing that he had made payments to the deceased."

Section 14(m) in referring to "total compensation payable under this chapter" may mean an over all sum for injuries to the various parts of the body sustained by the employee in any one accident, since the statute in section 8(c), 33 U.S.C.A. § 908(c), separates the various injuries which might occur and places compensation accordingly. Where an employee is awarded compensation for an injury, the total compensation he shall receive shall not exceed a certain fixed amount, irrespective of the time he is kept from employment or the number of injuries sustained. This would seem to be what was intended by the reference to total compensation. Where the injured employee, although paid compensation in whole or in part, dies as a result of the injury, the death benefit provisions arise and different compensation is provided. The limit of the amount to be awarded to the dependents is $7,500. This plainly is the scheme of the Legislature. An examination of the various compensation acts of the states shows that they provide in numerous instances separate and distinct benefits for disability and death and separate and distinct limits in regard to the amount of payments for each.

Therefore, the compensation to this widow as a dependent will be in periodical payments to equal $7,500 in the aggregate and without deduction for any sums paid the employee as a disability award prior to his death.

Decree affirmed.