254

**CARDILLO, Deputy Compensation Commissioner, et al. v. LIBERTY MUT. INS. CO.**

No. 7171.

United States Court of Appeals for the District of Columbia.

Decided Dec. 5, 1938.

David A. Pine, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., Z. Lewis Dalby, Chief Counsel, United States Employees' Compensation Commission, Charles T. Branham and Ward E. Boote, Associate Counsel, U. S. Employees' Compensation Commission, and James E. McCabe, all of Washington, D. C., for appellants.

Arthur J. Phelan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

A question arises under the Employees' Compensation Act of the District of Columbia.[1] Section 8, which is headed "Compensation for disability," requires the payment of various sums for various injuries; e. g. "In case of disability total in character but temporary in quality 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof." Section 7, which is headed "Medical service and supplies," requires the employer to furnish "medical, surgical, and other attendance or treatment * * * for such period as the nature of the injury or the process of recovery may require." Section 14 (m) provides: "The total compensation payable under this Act for injury or death shall in no event exceed the sum of $7,500." Appellant Cobb, an injured employee, has received less than $7,500 in compensation under Section 8; but the sum of the compensation so received and the amounts which have been expended for his benefit under Section 7 exceeds $7,500. The insurer has declined to continue compensation payments; the Deputy Commissioner has made a supplementary award against it, including a 20 per cent penalty, under Sec. 14 (f); and the District Court, at the suit of the insurer, has enjoined the enforcement of that award. The sole question on this appeal is whether expenditures for medical and similar benefits under Section 7 are to be counted in determining whether the $7,500 limit of "total compensation" fixed by Section 14 (m) has been reached.

Section 2 of the act, "Definitions," states in paragraph (12) that: " 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this Act, and includes funeral benefits provided therein." This seems clearly to exclude the medical benefits of Section 7. The argument for the insurer rests on the fact, which is obvious, that certain sections of the act nevertheless use the term "compensation" in a sense which includes those benefits. Examples are Section 4 (a), which requires the employer to secure the payment of "the compensation

---

[1] 44 Stat. 1424, U.S.C.A. Tit. 33, Ch. 18, § 901 et seq.; made applicable to the District of Columbia by D.C.Code, Tit. 19, Ch. 2, §§ 11, 12.

payable under sections 7, 8, and 9," and Section 6 (a), which provides: "No compensation shall be allowed for the first seven days of the disability, except the benefits provided for in section 7." The argument proves nothing, for it is equally obvious that in certain other sections of the act, as well as in the definition, "compensation" excludes medical benefits. Examples are Section 15 (a), which forbids agreements by employees to contribute to a fund for "providing compensation or medical services * * *" and Section 33 (e) (1) (D), which distinguishes between "amounts * * * payable as compensation" and "the cost of all benefits * * * to be furnished under section 7," and provides for the payment of "such compensation and the cost of such benefits."

We are concerned only with the meaning of "compensation" in Section 14 (m). The word is there used in such a context that it can bear either sense. It would seem to follow that the statutory definition should be applied. Moreover, Section 14(j) makes provision for the discharge of an employer's liability for "compensation" by the payment of "a lump sum equal to the present value of future compensation payments commuted, computed at 4 per centum true discount compounded annually." This contemplates mathematical accuracy. As it is impossible accurately to forecast the cost of medical benefits, it follows that the "compensation" to be commuted does not include them. And there is no reason to suppose that the word has one meaning in section 14 (j) and another in 14 (m). Both are parts of Section 14, which is headed "Payment of compensation."

We conclude that medical and similar benefits under Section 7 are not to be counted in applying the $7,500 limit of "total compensation" in Section 14 (m). The same conclusion follows from the principle that compensation acts are to be "construed liberally in furtherance of the purpose for which they were enacted." Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct. 187, 189, 76 L.Ed. 366. We find nothing inconsistent with our views in Union Stevedoring Corp. v. Norton, 98 F.2d 1012, or Liberty Mutual Insurance Company v. Parker, D.C., 19 F.Supp. 686, which the insurer cites.

Reversed.