## NORTON v. TRAVELERS INS. CO.
### No. 6913.

Circuit Court of Appeals, Third Circuit.
June 21, 1939.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., and J. Frank Staley, of Washington, D. C. (Z. Lewis Dalby, Chief Counsel, and Ward E. Boote, Asst. Chief Counsel, United States Employees' Compensation Commission, both of Washington, D. C., of counsel), for Norton.

J. B. H. Carter and Charles E. Kenworthy, both of Philadelphia, Pa., for appellee.

Before DAVIS, BIGGS, and MARIS, Circuit Judges.

DAVIS, Circuit Judge.

Section 14 (m) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 914 (m), provides that "the total compensation payable * * * for injury or death shall in no event exceed the sum of $7,500".

The question here at issue is whether the insurer's liability is limited by section 14 (m) to $7,500 for both disability and

death benefits, or whether the limit of its liability is $7,500 for disability benefits and $7,500 for death benefits, making a total possible liability of $15,000. We are not here concerned with the insurer's liability to furnish "medical, surgical, and other attendance or treatment" under the provisions of section 7 of the Act. 33 U.S.C.A. § 907.

On May 21, 1928, Boles Kozlowski, an employee of the Delaware Terminal Company, sustained an injury in the course of his employment which totally disabled him for the rest of his life and eventually caused his death on January 2, 1932, about three and a half years later. Surviving him were his widow, Pauline Kozlowski, and his two minor children, Peter and Henry Kozlowski.

In accordance with an order of compensation, duly filed on December 7, 1928, awarding him disability benefits under section 8 of the Act, 33 U.S.C.A. § 908, the appellee, insurance carrier for the Terminal Company, paid him during his life sums amounting to $3,585.57. After his death, a second order of compensation was filed on February 16, 1932, awarding death benefits to his widow and children. Under the terms of this order, the appellee was required to pay $200 for funeral expenses and to make payments of death benefits to Pauline Kozlowski amounting to $15.675 per week in bi-weekly installments of $31.35. On April 2, 1937, when the amounts paid under the above order totalled $3,914.43, and the total amount of compensation paid by the appellee both as disability benefits ($3,585.57) and death benefits ($3,914.43) equalled $7,500, the appellee discontinued all payments under the award of February 16, 1932 on the ground that it had paid "the aggregate statutory compensation in this case".

After investigation of the facts, the appellant, deputy commissioner, filed a supplementary order on August 4, 1937, directing the appellee to pay Pauline Kozlowski "death benefits in default in the sum of $119.70" and "to continue payment of death benefits * * * until the death benefits paid hereunder and under the compensation order of February 16, 1932, including $200 funeral expenses, shall aggregate the sum of $7500 or until the further order of the deputy commissioner."

The appellee refused to comply with the order and on September 2, 1937 filed a bill of complaint in the District Court praying, among other things, that the order of August 4, 1937 be set aside and its enforcement enjoined. This relief was granted both by a preliminary injunction filed October 8, 1937, and by the final decree of the court, filed August 3, 1938. An appeal from the final order was taken to this court.

Section 14 (m) which provides that "the total compensation payable * * * for injury or death shall in no event exceed the sum of $7,500", contains no apparent ambiguity. The use of the disjunctive "or" in the phrase "injury or death" necessitates the conclusion that the limit of liability for disability resulting from an injury is $7,500 and the limit of liability for death is also $7,500. Unless that section contains some hidden ambiguity it must be interpreted literally, for "where the language of a statute is plain and unambiguous, there is no occasion for construction." 59 C.J. 953; United States v. Missouri Pacific Railroad Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322.

The learned trial judge held that, as the word "injury" is defined in the Act as "accidental injury or death" (sec. 2(2), 33 U.S.C.A. § 902(2), the use of the word "injury" in section 14(m) indicates that the phrase "injury or death" should be given a conjunctive rather than disjunctive interpretation. He said that if Congress "had * * * intended to refer disjunctively to compensation for disability and compensation for death it would have used the words 'disability or death', not the words 'injury or death'". 24 F.Supp. 243, 246.

If the word "injury" is given its statutory definition in construing the phrase "injury or death", it would read "injury or death or death" which is tautological. In using the phrase "injury or death" in section 14 (m) as well as in sections 5, 12, 13, 14, 29, 30, and subsections thereof, 33 U.S.C.A. §§ 905, 912–914, 929, 930, we think Congress used the word "injury" in its ordinary sense of "damage or hurt done to or suffered by a person or thing" (Webster's New International Dictionary, 1929 Ed.) in which the idea of "death" is not included. As such an injury is compensable under this Act, only when it produces disability, the phrase "injury or death" must be interpreted as synonymous with "disability or death".

There is nothing in the act or in the record which indicates that Congress meant

"injury and death" or "disability and death", when it used the phrase "injury or death". In the absence of such indication, we are compelled to give the Act a literal interpretation and hold that the dependents of an employee whose injury results in death are entitled to compensation for his death regardless of the benefits paid to him for disability. International Mercantile Marine Co. v. Lowe, 2 Cir., 93 F. 2d 663, 115 A.L.R. 896, certiorari denied 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532; Cardillo v. Liberty Mutual Ins. Co., 69 App. D.C. 330, 101 F.2d 254.

The decree of the District Court is reversed with directions to dismiss the bill of complaint.