**UNITED MARINE MUTUAL INDEMNITY ASSOCIATION, Plaintiff,**

v.

**F. Ray MARSHALL, Secretary of Labor et al., Defendants.**

No. C–78–2884 SC.

United States District Court,
N. D. California.

Jan. 9, 1981.

Lester H. Clark, Graham & James, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty., San Francisco, Cal., for defendants.

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff in this action is the United Marine Mutual Indemnity Association ("UMMIA"), which appears to be a "protection and indemnity association" authorized to write maritime insurance on a mutual assessment plan by Bermuda law. Defendants include the Secretary of Labor and other Department of Labor personnel. The Department of Labor is authorized to administer the provisions of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq., and it is the manner of the Department's administration of that Act that gives rise to the instant dispute.

The LHWCA makes maritime industry employers liable for compensation to injured employees and their dependants, 33 U.S.C. §§ 904–09, and it requires the employers to secure payment of such compensation either by authorized insurance coverage or by approved self-insurance. 33 U.S.C. § 932. Plaintiff maintains that a third alternative exists under the provisions of § 932, whereby an employer may secure payment by participating in a protection and indemnity association without obtaining any further authorization or approval from the Department of Labor. The Department recognizes that such associations may satisfactorily secure payment under the Act, but maintains that § 932 requires that the associations be authorized by the Department to act as insurance carriers.

The UMMIA has not received authorization to provide maritime employee compensation coverage from the Department of Labor. The Department notified its members that they would be treated as self-insurers. Plaintiff initiated this suit to enjoin the issuance of such letters, contending that it is authorized to provide the coverage in question by virtue of its status as a protection and indemnity association. This mat-

ter is now before the court on defendants' motion for summary judgment. The merits of the motion will be addressed, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, as there does not appear to be any outstanding issue of material fact.

The sole question before the court is the proper construction and meaning of 33 U.S.C. § 932, as it relates to protection and indemnity associations. The statute provides in pertinent part:

"(a) Every employer shall secure the payment of compensation under this chapter—

(1) By insuring and keeping insured the payment of such compensation with any stock company or mutual company or association, or with any other person or fund, while such person or fund is authorized (A) under the laws of the United States or of any State, to insure workmen's compensation, and (B) by the Secretary, to insure payment of compensation under this chapter; or

(2) By furnishing satisfactory proof to the Secretary of his financial ability to pay such compensation and receiving an authorization from the Secretary to pay such compensation directly . . . .

(b) In granting authorization to any carrier to insure payment of compensation under this chapter the Secretary may take into consideration the recommendation of any State authority having supervision over carriers or over workmen's compensation, and may authorize any carrier to insure the payment of compensation under this chapter in a limited territory. *Any marine protection and indemnity mutual insurance corporation or association, authorized to write insurance against liability for loss or damage from personal injury and death, and for other losses and damages, incidental to or in respect of the ownership, operation, or chartering of vessels on a mutual assessment plan, shall be deemed a qualified carrier to insure compensation under this chapter* . . . ." (Emphasis added)

■ Plaintiff maintains that, since it is deemed a qualified carrier to insure com-

pensation under the Act as a protection and indemnity association, it need not meet the authorization requirements of subsection (a)(1). The Department, however, argues that subsection (b) merely puts the association on the same footing as an insurance carrier authorized to insure workmen's compensation under the laws of the United States or of any State, as in subsection (a)(1)(A), and that it must still obtain authorization by the Secretary like any other carrier, according to subsection (a)(1)(B). The court is of the opinion that the government's position is correct.

■ While no case law or legislative history has been cited to support either position, and independent research has revealed none, there is some guidance to be found in more general discussions of the LHWCA. For example, the Act is to be liberally construed in conformance with its purpose to protect longshoremen and its statutory terms may be given broad application to accomplish its aims. *Michigan Mutual Liability Co. v. Arrien,* 233 F.Supp. 496, 503–04 (S.D.N.Y.1964), *aff'd,* 344 F.2d 640 (2d Cir.), *cert. denied,* 382 U.S. 835, 86 S.Ct. 80, 15 L.Ed.2d 78 (1965). The whole theory of the Act is to provide the injured workman with certain and absolute benefits in lieu of common law damages. *Haynes v. Rederi A/S Aladdin,* 362 F.2d 345, 350 (5th Cir. 1966), *cert. denied,* 385 U.S. 1020, 87 S.Ct. 731, 17 L.Ed.2d 557 (1967).

■ It is the desire to provide certain and absolute protection that prompted the adoption of § 932. That section is designed to ensure that the employers' coverage is adequate to compensate workmen. The insurance carriers are scrutinized and the self-insuring employers must satisfy specific reporting requirements and demonstrate an ability to make prompt compensation payments under the Act. It would be incongruous for Congress to make such provisions and then declare that protection and indemnity associations need not be subjected to any governmental evaluation. The guarantee of certain and absolute payment that was sought by the Act would be lost if they were automatically qualified.

Since each portion of the LHWCA is to be construed in light of the Act as a whole, *International Mercantile Marine Co. v. Lowe*, 93 F.2d 663, 665 (2d Cir.), *cert. denied*, 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532 (1938), and the Act's overriding purpose is to provide for the protection of the maritime employee, the court finds that the purposes of the Act would be best served by requiring protection and indemnity associations, such as those described in 33 U.S.C. § 932(b), to obtain authorization from the Department of Labor pursuant to 33 U.S.C. § 932(a)(1) before they can function as LHWCA insurance carriers.

In accordance with the foregoing, the motion for summary judgment in favor of defendants is granted, and plaintiff's action is hereby dismissed.