ROBERTA ANCONA *v.* CITY OF NORWALK
(13939)

ANN KACHALUBA *v.* TOWN OF GREENWICH
(13940)

PETERS, C. J., SHEA, COVELLO, HULL and BORDEN, JS.

Argued November 8, 1990—decision released January 1, 1991

*Kristin A. Dorney,* with whom, on the brief, was *Gerald F. Stevens,* for the appellant-appellee in the first appeal and the appellant in the second appeal (plaintiffs).

*Frank W. Murphy,* with whom, on the brief, was *Barbara L. Coughlan,* for the appellee-appellant in the first appeal (defendant city of Norwalk).

*John W. Greiner,* for the appellee in the second appeal (defendant town of Greenwich).

HULL, J. The sole issue in these appeals is whether special workers' compensation benefits under General

Statutes § 31-308 (d)[1] awarded for permanent partial impairment of one's heart are payable concurrently with dependent death benefits under General Statutes § 31-306 (b) (2).[2] We conclude that concurrent payment of such benefits is prohibited. Accordingly, we affirm the decisions of the compensation review division.

The facts in the first case are stipulated as follows. The plaintiff, Roberta Ancona, is the widow of David F. Ancona, a former employee of the department of fire services of the defendant city of Norwalk who died on February 10, 1988, as a result of heart disease. At the time of his death, David Ancona had been receiving workers' compensation benefits under § 31-308 (d) for permanent partial impairment of his heart pursuant to a voluntary agreement with the city of Norwalk. On January 17, 1989, the workers' compensation commissioner for the seventh district (commissioner) ordered the city of Norwalk to pay Roberta Ancona the special benefits that it had been paying her husband pursuant

[1] General Statutes § 31-308 (d) provides in pertinent part: "In addition to compensation for total or partial incapacity for a specific loss of a member or loss of use of the function of a member of the body or for disfigurement or scarring, the commissioner may award such compensation as he deems just for the loss or loss of use of the function of any organ or part of the body not otherwise provided for herein, taking into account the age and sex of the claimant, the disabling effect of the loss of or loss of function of the organ involved and the necessity of the organ or complete functioning of the organ with respect to the entire body, but in no case more than the sum equivalent to compensation for seven hundred and eighty weeks."

[2] General Statutes § 31-306 (b) (2) provides in pertinent part: "Compensation shall be paid on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease as follows. . . .

"(2) To those wholly dependent upon the deceased employee at the time of his injury, a weekly compensation equal to sixty-six and two-thirds per cent of the average weekly earnings of the deceased at the time of the injury but in no case more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred or less than twenty dollars weekly. . . ."

to § 31-308 (d) concurrently with dependent death benefits under § 31-306.

The facts in the second case are undisputed. The plaintiff, Ann Kachaluba, is the widow of John P. Kachaluba, a former employee of the fire department of the defendant town of Greenwich. On May 15, 1985, the commissioner found that John Kachaluba suffered from heart disease and was eligible for benefits pursuant to General Statutes § 7-433c,[3] of the Heart and Hypertension Act. On January 11, 1987, John Kachaluba died as a result of heart disease. Thereafter on May 12, 1987, the commissioner awarded dependent death benefits under § 31-306 to Ann Kachaluba.[4]

---

[3] General Statutes § 7-433c provides in pertinent part: "In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment . . . ."

[4] On August 17, 1987, by a supplemental finding and award, the commissioner ordered that two thirds of the dependent death benefits under

On August 26, 1988, based upon the parties' stipulation that John Kachaluba, at the time of his death, was entitled to special benefits for permanent partial impairment of his heart, the commissioner ordered the town of Greenwich to pay Ann Kachaluba benefits under § 31-308 (d) concurrently with the benefits she was receiving under § 31-306.

The defendants in both cases appealed the decisions to the compensation review division (CRD). The CRD sustained the defendants' appeals and concluded that because dependent death benefits under § 31-306 are a proxy for benefits for total incapacity under General Statutes § 31-307,[5] concurrent payment of benefits under §§ 31-306 and 31-308 (d) is prohibited as double compensation. Furthermore, the balance of any unpaid special benefits awarded under § 31-308 (d) would not be properly payable until the payment of benefits under § 31-306 ceased.

The plaintiffs appealed the decisions to the Appellate Court and, in the first case, the defendant city of Norwalk filed a cross appeal. We subsequently transferred the appeals to this court pursuant to Practice Book § 4023.

On appeal, the plaintiffs claim that because benefits under §§ 31-308 (d) and 31-306 compensate different persons for distinct losses, they are payable concur-

General Statutes § 31-306 be paid to Ann Kachaluba and that the remaining one third be paid to Rita Kachaluba as mother and guardian of John P. Kachaluba, the decedent's son.

[5] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury; but the compensation shall in no case be more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred . . . ."

rently. The defendants contend that concurrent payment is prohibited as double compensation.[6] We agree with the defendants.

The CRD concluded that concurrent payment of benefits under §§ 31-306 and 31-308 (d) would constitute double compensation which is not permitted under our Workers' Compensation Act. General Statutes § 31-275 et seq.; see *Olmstead* v. *Lamphier,* 93 Conn. 20, 22–23, 104 A. 488 (1918). The plaintiffs claim that §§ 31-306 and 31-308 (d) compensate for distinct losses and, therefore, that the prohibition against double compensation does not apply in this case. The plaintiffs rely for this assertion on *Scalora* v. *Dattco, Inc.,* 39 Conn. Sup. 449, 452, 466 A.2d 334 (1983). Their reliance is misplaced.

In *Scalora* the Appellate Session of the Superior Court concluded that benefits for permanent significant disfigurement or scarring under § 31-308 (d)[7] were

[6] In its cross appeal in the first case, the defendant city of Norwalk claims that the award of special benefits under General Statutes § 31-308 (d) has expired and, therefore, that the CRD mistakenly concluded that when payment of benefits to Roberta Ancona under General Statutes § 31-306 ceases, the commissioner may then order payment of the special benefits under § 31-308 (d). In the second case, the defendant town of Greenwich argues that no award of benefits under § 31-308 (d) was ever made with respect to John Kachaluba but that the commissioner merely found that at the time of his death he was eligible for such benefits. Norwalk failed to raise the issue of expiration of benefits and Greenwich failed to raise the issue of lack of an award of benefits in their appeals to the CRD. We have generally taken the position that we do not sit de novo on civil cases for arguments that have not been raised in the agency whose action we are reviewing. *Harrison* v. *Commissioner,* 204 Conn. 672, 680, 529 A.2d 188 (1987); *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986); *Burnham* v. *Administrator,* 184 Conn. 317, 323, 439 A.2d 1008 (1981). Accordingly, we decline to address these issues.

[7] General Statutes § 31-308 (d) provides in pertinent part: "In addition to compensation for total or partial incapacity or for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just . . . for any permanent significant disfigurement of, or permanent significant scar on, any part of the body . . . ."

simultaneously payable with benefits for total incapacity under § 31-307. Id., 454. Specifically, the court held that because "one can be simultaneously incapacitated and disfigured," the *Olmstead* prohibition against concurrent payment did not apply. Id., 452.

The benefits involved in the instant case are not so readily distinguishable. Dependent death benefits under our Workers' Compensation Act are "made to take the place of the wages which the employee can no longer earn, and in which those who were dependent upon him for support had an interest." *Jackson* v. *Berlin Construction Co.,* 93 Conn. 155, 157, 105 A. 326 (1918) (discussing General Statutes [1918 Rev.] § 5349, the predecessor to General Statutes § 31-306). Compensation under § 31-308 (d) for partial impairment of one's heart is a special award of benefits. *Felia* v. *Westport,* 214 Conn. 181, 186, 571 A.2d 89 (1990). "In contrast to the specific benefits of § 31-308 (b), which relate weekly benefits to the impairment or loss of designated body parts . . . "; id.; "a special award is one that is not compensation for the loss or loss of use of a body part, but is compensation for the inability to work as a result of the disability. See *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 307, 135 A. 574 (1926) (*Haines, J.,* concurring); J. Asselin, [Connecticut Workers' Compensation Practice Manual (1985)] p. 119 (the author refers to these benefits as 'continuing wage benefits')." *Morgan* v. *East Haven,* 208 Conn. 576, 584, 546 A.2d 243 (1988). Thus, although a special award derives from a more specific form of impairment, benefits under §§ 31-306 and 31-308 (d) compensate for the same loss, that is, the loss of wages as a result of one's inability to work.

Because the benefits under these sections provide compensation for the same loss, we conclude that the decision of the CRD is a reasonable construction of the relationship between §§ 31-306 and 31-308 (d) "that

warrants respect as the considered judgment of the governmental agency vested with primary authority for enforcing our workers' compensation statutes." *Felia* v. *Westport,* supra, 188, citing *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 599, 522 A.2d 771 (1987); *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975).

The plaintiffs claim that "[t]here is no language in Sections 31-306 or 31-308 (d) or any other provision of Chapter 568 which supports the . . . position that concurrent payment of Section 31-308 (d) benefits and Section 31-306 benefits is prohibited." We recognize that there is no explicit prohibition against concurrent payment in the provisions. However, "[i]f the meaning of a statute is ambiguous, it should be construed in view of its societal purpose in order to obtain a result which is neither incongruous nor irrational. *State* v. *Campbell,* 180 Conn. 557, 563, 429 A.2d 960 (1980)." *Middletown* v. *Local 1073,* 1 Conn. App. 58, 62–63, 467 A.2d 1258 (1983), cert. dismissed, 192 Conn. 803, 471 A.2d 244 (1984).

"The purpose of our [Workers' Compensation] Act . . . is to give to the employee and to his dependents compensation for the loss of wages accruing from the employee's injury." *Bassett* v. *Stratford Lumber Co.,* supra, 303. As previously stated, §§ 31-306 and 31-308 (d), each exclusively of the other, provide compensation for loss of wages. Simultaneous payment of the two benefits, therefore, would result in double compensation for a single loss which is prohibited by our Workers' Compensation Act. See *Paternostro* v. *Edward Coon Co.,* 217 Conn. 42, 49, 583 A.2d 1293 (1991); *Olmstead* v. *Lamphier,* supra, 22–23.

Moreover, after the death of her husband resulting from a compensable injury, concurrent payment of death benefits and special benefits for impairment

would afford a widow greater benefits than her husband would have been able to recover while he was alive. See *Paternostro* v. *Edward Coon Co.,* supra (concurrent payment of benefits for total incapacity under General Statutes § 31-307 and partial incapacity under General Statutes § 31-308 [b] is prohibited as double compensation); see also *Olmstead* v. *Lamphier,* supra, 23; *Scalora* v. *Dattco, Inc.,* supra, 452. " '[C]ourts are particularly sensitive to claims which would give rise to solutions providing the plaintiff either with greater benefits for disability or death than if the worker had lived and worked or with greater benefits than other workers similarly situated. . . .' " *Maciejewski* v. *West Hartford,* 194 Conn. 139, 151, 480 A.2d 519 (1984), quoting *Middletown* v. *Local 1073,* supra, 64.

"The anomalous result which would be obtained if we were to accept the plaintiff's position was clearly not intended by the legislature . . . ." *Maciejewski* v. *West Hartford,* supra. We conclude, therefore, that concurrent payment of benefits for death caused by heart disease under § 31-306 and benefits for permanent partial impairment of one's heart under § 31-308 (d) is prohibited.

The judgments are affirmed.

In this opinion the other justices concurred.