This is an appeal by the plaintiff from a decision of the compensation review division affirming a finding and award of the compensation commissioner. The facts as stipulated by the parties at the hearing before the commissioner are as follows: On December 3, 1976, the plaintiff, an employee of the defendant Dattco, Inc. (Dattco), was severely injured when a tire which he was repairing in the course of his employment exploded, causing fragments of the tire rim to strike him about the face and neck. As a result of the accidental injuries, the plaintiff suffered permanent disfigurement and scarring over much of his face and neck after undergoing plastic surgery and facial reconstruction. In addition, he sustained injuries to his central nervous system and suffers from severe emotional and psychological disorders which render him incapable of working.
The plaintiff has been receiving workers' compensation benefits for total incapacity as provided in General Statutes 31-307 from the date of the accident. On January 7, 1982, pursuant to a request from the plaintiff, the compensation commissioner conducted a hearing *Page 451 
to determine whether he was entitled as well to benefits for permanent significant scarring and disfigurement as provided in 31-308 (d). The commissioner found that the plaintiff had, in fact, suffered "permanent and significant scarring to many areas of his body," and concluded, therefore, that he was entitled to a scar award under 31-308 (d). He further held, however, that these benefits were not payable while the plaintiff was receiving disability payments, but would be available if his condition improved and he was able to resume work. The compensation review division affirmed the commissioner's finding and award and this appeal followed.
The issue for our determination is whether benefits under 31-308 (d) for permanent significant disfigurement or scarring are payable contemporaneously with total disability benefits under 31-307.
General Statutes 31-308 (d) provides that "[i]n addition to compensation for total or partial incapacity or for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just . . . for any permanent significant disfigurement of, or permanent significant scar on, any part of the body. . . ." The plaintiff argues that the plain and unambiguous language of this statute evinces a legislative intent that benefits under this section be paid contemporaneously with benefits for total incapacity.
The defendants, on the other hand, argue that such benefits are payable consecutively, that is, after benefits for total or partial disability cease.
To support this claim, they initially argue that contemporaneous payments would exceed the maximum weekly amount allowed under 31-309.[1] We disagree. *Page 452 
We construe 31-309 as placing a ceiling on each individual benefit to which a claimant is entitled under the act. Our conclusion is based upon the fact that each separate benefit provision of the act includes its own 31-309 limitation. If 31-309
was intended to limit the amount of total benefits available, as the defendants assert, there would be no necessity for the limitation in each entitlement provision. "There is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment so that in construing it no part is to be treated as insignificant and unnecessary." Connecticut Light Power Co. v. Costle, 179 Conn. 415, 422, 426 A.2d 1324 (1980).
The defendants also argue that judicial decisions favor a consecutive rather than contemporaneous award of benefits. In support of this claim, they rely principally on Olmstead v. Lamphier, 93 Conn. 20, 23, 104 A. 488 (1918), where the court stated: "Our Act does not permit double compensation, and hence the trial court was correct in making these awards consecutive; the award for total incapacity to precede in payment that for the partial incapacity." We find the Olmstead case to be distinguishable from the present case. First, Olmstead was decided prior to the enactment of the provision for scar or disfigurement benefits. Second, the case involved benefits for total and partial incapacity. There is no dispute that such payments are mutually exclusive — one cannot be at once totally and partially incapacitated. Conversely, one can be simultaneously incapacitated and disfigured. Thus, we believe Olmstead is inapplicable to the present case. *Page 453 
The defendants also cite Dombrowski v. Fafnir Bearing Co., 148 Conn. 87, 88, 167 A.2d 458
(1961), which states: "After providing for compensation for partial incapacity, and for the loss, or loss of use, of certain enumerated members of the body, the statute authorizes compensation for disfigurement. . . ." Reading this sentence in the context of the full opinion, it is clear that it does not stand for the proposition for which the defendants assert it, i.e., that payments for disfigurement are payable after payments for incapacity. Rather, it was used to explain the organization of benefits under Workers' Compensation Act.
Finally, the defendants contend that the legislature, if it intended that benefits under31-307 and 31-308 (d) be contemporaneous, would have said so more definitively. We believe that it could not have been more definitive. Section31-308 (d) begins with the explicit phrase, "[i]n addition to compensation for total or partial incapacity." (Emphasis added.) It is a cardinal rule of statutory construction that statutory words and phrases are to be given their ordinary meaning in accordance with the commonly approved usage of the language. General Statutes 1-1 (a); Eastern Connecticut Cable Television, Inc. v. Montville, 180 Conn. 409, 412, 429 A.2d 905
(1980); Connecticut Light Power Co. v. Costle,179 Conn. 415, 423, 426 A.2d 1324 (1980). "In addition to" means "over and above." Webster's Third New International Dictionary. It does not, as the defendants would have us hold, mean "after" or "following."
Moreover, the drafters of the statute expressly left out any language suggesting that the benefits available under 31-308 (d) be consecutive rather than contemporaneous or concurrent.[2] *Page 454 
Lastly, the interpretation urged upon us by the defendants would contravene the clearly remedial purpose of the Workers' Compensation Act and violate the longstanding rule that its provisions be construed liberally in favor of the rights of the employee. Adzima v. UAC/Norden Division,177 Conn. 107, 117, 411 A.2d 924 (1979); English v. Manchester, 175 Conn. 392, 397-98, 399 A.2d 1266
(1978); Everett v. Ingraham, 150 Conn. 153, 157,186 A.2d 798 (1962); Powers v. Hotel Bond Co.,89 Conn. 143, 146, 93 A. 245 (1915).
Accordingly, for the foregoing reasons, we hold that the benefits for scarring and disfigurement under 31-308 (d) are payable contemporaneously with those for total incapacity under 31-307.
 There is error, the decision of the compensation review division is set aside and the case is remanded with direction to sustain the appeal in accordance with this opinion.
In this opinion DALY and F. HENNESSY, Js., concurred.