ROCCO PATERNOSTRO *v.* THE EDWARD
COON COMPANY ET AL.
(14069)

PETERS, C. J., SHEA, COVELLO, HULL and BORDEN, Js.

Argued November 8, 1990—decision released January 1, 1991

*Ross Lessack*, with whom, on the brief, was *Edward T. Dodd, Jr.*, for the appellant (plaintiff).

*Thomas F. McDermott, Jr.*, with whom, on the brief, was *Lawrence R. Pellett*, for the appellees (defendants).

HULL, J. The sole issue in this appeal is whether specific indemnity workers' compensation benefits under General Statutes § 31-308 (b)[1] for permanent partial impairment of one's arm as a result of a shoulder injury are payable concurrently with benefits for temporary total incapacity under General Statutes § 31-307[2] caused by a skull fracture that arose out of the same incident. We conclude that concurrent payment of such benefits is prohibited. Accordingly, we affirm the decision of the compensation review division.

---

[1] General Statutes § 31-308 (b) provides in pertinent part: "With respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be sixty-six and two-thirds per cent of the average weekly earnings of the injured employee, but in no case more than the maximum weekly benefit rate set forth in section 31-309 . . . (1) For the loss of the master arm at or above the elbow or the complete and permanent loss of the use of the master arm, three hundred and twelve weeks; for the loss of the other arm, at or above the elbow; or the complete and permanent loss of use of the other arm, two hundred and ninety-one weeks . . . ."

[2] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury . . . ."

The following facts are either stipulated or undisputed. On September 12, 1986, the plaintiff, Rocco Paternostro, and the named defendant (defendant), The Edward Coon Company, executed a voluntary agreement whereby they agreed that the plaintiff had sustained a skull fracture and a dislocated left shoulder in the course of his employment by the defendant on June 3, 1986, for which the defendant would pay workers' compensation benefits in the amount of $397 per week. Thereafter, the plaintiff received and has continued to receive the agreed upon compensation pursuant to § 31-307 for the temporary total incapacity caused by the skull fracture.

On September 28, 1987, the shoulder injury reached maximum medical improvement. The permanent effect of the injury was a 10 percent loss of use of the plaintiff's left arm at or above the elbow. The plaintiff sought specific indemnity benefits for this permanent partial impairment pursuant to § 31-308 (b). In a finding and award dated January 25, 1989, the workers' compensation commissioner for the fifth district (commissioner) found that the permanent partial impairment was compensable under § 31-308 (b) and further, that such specific indemnity benefits could be paid concurrently with the benefits presently being received pursuant to § 31-307 for temporary total incapacity caused by the skull injury.

The defendants appealed the award to the compensation review division (CRD). The CRD sustained the defendants' appeal and concluded that because the two injuries for which the plaintiff was receiving benefits constituted the same injury for purposes of workers' compensation, concurrent payment of benefits under §§ 31-307 and 31-308 (b) was prohibited as double compensation for the same injury.

The plaintiff appealed the decision to the Appellate Court. We subsequently transferred the appeal to this court pursuant to Practice Book § 4023.

On appeal the plaintiff claims that based upon the plain language of § 31-308 (b) and the remedial purpose of the Workers' Compensation Act; General Statutes § 31-275 et seq.; he is entitled to concurrent payment of the benefits awarded by the commissioner. The defendants counter that the language of § 31-308 (b) is consistent with the decisions of this court prohibiting concurrent payment of such benefits.[3] We agree with the defendants.

Section 31-308 (b) provides in pertinent part: "With respect to the following-described injuries the compensation, *in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation,* shall be sixty-six and two-thirds per cent of the average weekly earnings of the injured employee, but in no case more than the maximum weekly benefit rate set forth in section 31-309 . . . (1) For the loss of the master arm at or above the elbow . . . three hundred and twelve weeks; for the loss of the other arm, at or above the elbow . . . two hundred and ninety-one weeks . . . ." (Emphasis added.) The plaintiff asserts that the language, "in addition to the usual compensation for total incapacity but in lieu of all other

---

[3] In their brief, the defendants argued in the alternative that even if simultaneous payment of benefits under General Statutes §§ 31-307 and 31-308 (b) is generally permissible, in the instant case it is prohibited because it would result in payment of benefits in violation of the statutory ceiling set forth in General Statutes § 31-309. The defendants conceded at oral argument before this court, however, that the record is without the necessary factual underpinnings to warrant this court's review of their alternative claim. Thus, even if it were necessary to reach the claim concerning § 31-309, we would be prohibited from doing so, because "[a] case must be decided on the formal record and a court cannot resort to matters extraneous to the record in making its determination." *State* v. *Gilnite*, 202 Conn. 369, 378, 521 A.2d 547 (1987).

payments for compensation," is most reasonably con-
strued as providing that a claimant may simultaneously
receive benefits for total incapacity pursuant to
§ 31-307 and specific indemnity benefits for partial
impairment under § 31-308 (b), so long as the specific
indemnity benefits are in lieu of other specific bene-
fits described in the subsection. We recognize that the
phrase "in addition to," as used in our Workers' Com-
pensation Act, has been interpreted to mean "over and
above"; see *Scalora v. Dattco, Inc.,* 39 Conn. Sup. 449,
453, 466 A.2d 334 (1983) (construing that portion of
General Statutes § 31-308 [d] that provides benefits for
permanent significant disfigurement and scarring); and
that we have construed "in lieu of" to mean "in lieu
of other compensation of a like nature, that is, of com-
pensation for [specific] injuries." *Panico v. Sperry Engi-
neering Co.,* 113 Conn. 707, 714, 156 A. 802 (1931).
Nevertheless, the plaintiff's interpretation of the ter-
minology in isolation ignores the longstanding,
unaltered precedent of this court.

The predecessor of § 31-308 (b), General Statutes
(1918 Rev.) § 5352, provided in pertinent part: "In case
of the following injuries the compensation, in lieu of
all other payments, shall be half of the average weekly
earnings of the injured employee, prior to such injury
for the terms respectively indicated, but in no case more
than fourteen dollars or less than five dollars weekly: (a)
For the loss of one arm at or above the elbow . . .
two hundred and eight weeks . . . ." In *Olmstead v.
Lamphier,* 93 Conn. 20, 22–23, 104 A. 488 (1918), we
concluded that specific indemnity benefits pursuant to
General Statutes (1918 Rev.) § 5351[4] for total incapac-

---

[4] General Statutes (1918 Rev.) § 5351, the predecessor of General Stat-
utes § 31-307, provided: "In case the injury results in total incapacity to
work, there shall be paid to the injured employee a weekly compensation
equal to half of his average weekly earnings at the time of the injury; but
the compensation shall in no case be more than fourteen dollars or less than
five dollars weekly; and such compensation shall not continue longer than

ity caused by a leg injury were properly paid consecutively to benefits pursuant to § 5352 for partial incapacity caused by a shoulder injury. Id., 23. Because the two injuries arose out of the same incident, concurrent payment would constitute double compensation which is prohibited by our Workers' Compensation Act. Id. Therefore, although the plaintiff had sustained two distinct, independently compensable injuries during a single incident, "the award for the total incapacity [was] to precede in payment that for the partial incapacity." Id.

Shortly after our decision in *Olmstead,* the General Assembly passed the Public Acts of 1919. Chapter 142, § 7, of the 1919 Public Acts provided in pertinent part: "Section 5352 of the general statutes is amended to read as follows . . . . In case of the following injuries the compensation, *in addition to the usual compensation for total incapacity,* but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee, prior to such injury for the terms respectively indicated . . . ." (Emphasis added.) According to the plaintiff, the new language added to § 5352 effectively overruled our conclusion in *Olmstead* that benefits for partial and total incapacity are properly paid consecutively. We do not agree.

In *Panico* v. *Sperry Engineering Co.,* supra, 713–14, we discussed the 1919 amendment to § 5352 at length.

---

the period of total incapacity, or in any event longer than five hundred and twenty weeks. The following injuries of any person shall be considered as causing total incapacity and compensation shall be paid accordingly: (a) Total and permanent loss of sight in both eyes, or the reduction to one-tenth or less of normal vision with glasses; (b) the loss of both feet at or above the ankle; (c) the loss of both hands at or above the wrist; (d) the loss of one foot at or above the ankle and one hand at or above the wrist; (e) any injury resulting in permanent and complete paralysis of the legs or arms or of one leg and one arm; (f) any injury resulting in incurable imbecility or insanity."

The plaintiff in that case sought a specific award for permanent partial loss of the use of his arm after he had received compensation for the temporary total incapacity caused by the injury. We concluded that § 5352 had been amended to allow a more liberal measure of compensation, specifically to permit payment of benefits for total incapacity in addition to a specific indemnity for injuries resulting from the same incident. Id., 713. Nevertheless, we adhered to our earlier conclusion in *Olmstead* that the benefits were to be received consecutively, because we had to assume that in adopting the amendment of 1919 the General Assembly had in contemplation the construction and operation accorded the statute by this court, namely consecutive payment of the benefits, and that "usual compensation for total incapacity," as employed in the amendment, referred to and signified the compensation for total incapacity received prior to the determination of the specific indemnity. Id., 714.

The plaintiff claims that the interpretation in *Scalora* v. *Dattco, Inc.,* supra, of language similar to § 31-308 (b) warrants a different conclusion. In *Scalora* the Appellate Session of the Superior Court interpreted the phrase "[i]n addition to compensation for total or partial incapacity" set forth in § 31-308 (d)[5] as providing that a claimant may be paid benefits for permanent significant disfigurement or scarring "over and above" benefits for total incapacity under § 31-307. Id., 453. The court recognized the prohibition against concurrent payment of benefits set forth in *Olmstead* v. *Lamphier,* supra; *Scalora* v. *Dattco, Inc.,* supra, 452–53;

---

[5] General Statutes § 31-308 (d) provides in pertinent part: "In addition to compensation for total or partial incapacity or for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just . . . for any permanent significant disfigurement of, or permanent significant scar on, any part of the body . . . ."

however, it concluded that the prohibition did not apply in that case, because although "one cannot be at once totally and partially incapacitated . . . [c]onversely, one can be simultaneously incapacitated and disfigured." Id., 452. Thus, because concurrent payment would not result in double compensation, the court declined to interpret the phrase "[i]n addition to" as meaning "after" or "following." Id., 453.

In the instant case the benefits under §§ 31-307 and 31-308 (b) provide compensation for total and partial incapacity respectively. To accord the language of § 31-308 (b) the construction proffered by the plaintiff, therefore, would result in double compensation in violation of our Workers' Compensation Act. Id., 452. Statutes must be construed to avoid illogical, irrational results. *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 593, 522 A.2d 771 (1987); *Middletown* v. *Local 1073,* 1 Conn. App. 58, 62–63, 467 A.2d 1258 (1983), cert. dismissed, 192 Conn. 803, 471 A.2d 244 (1984). Accordingly, we conclude that the rule against double compensation prohibits concurrent payment of specific indemnity benefits for permanent partial impairment under § 31-308 (b) and benefits for total incapacity under § 31-307 as a result of the same incident.

The judgment is affirmed.

In this opinion the other justices concurred.