******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

BEULAH GARDNER *v*. DEPARTMENT OF MENTAL
HEALTH AND ADDICTION SERVICES ET AL.
(SC 20994)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander and Dannehy, Js.

*Syllabus*

The plaintiff employee appealed, on the granting of certification, from the judgment of the Appellate Court, which had affirmed the decision of the Compensation Review Board. The board had upheld the decision of an administrative law judge to grant the defendant employer's request, after a determination that the plaintiff reached maximum medical improvement, to convert the ongoing temporary partial incapacity benefits that the plaintiff was receiving pursuant to statute (§ 31-308 (a)) to permanent partial disability benefits under § 31-308 (b). The plaintiff claimed that the Appellate Court had incorrectly concluded that an administrative law judge lacks the authority to award ongoing temporary partial incapacity benefits to a claimant who has reached maximum medical improvement, at which point the claimant becomes eligible to receive permanent partial disability benefits under § 31-308 (b). *Held*:

The Appellate Court incorrectly concluded that an administrative law judge lacks the discretion under § 31-308 to award a claimant, after he or she reaches maximum medical improvement, ongoing temporary partial incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b), up to the statutory maximum of 520 weeks, and, accordingly, this court reversed the Appellate Court's judgment, and the case was remanded to the administrative law judge for further proceedings.

The clear and unambiguous language of § 31-308 affords an administrative law judge the discretion to award a claimant who has reached maximum medical improvement ongoing temporary incapacity benefits under § 31-308 (a), as § 31-308 (b) provides that the administrative law judge "may," but is not required to, award permanent partial disability benefits under § 31-308 (b) "in lieu of other compensation," meaning that the administrative law judge has the discretion to award a claimant who has reached maximum medical improvement other benefits under the Workers' Compensation Act (§ 31-275 et seq.), such as total or partial incapacity benefits, in lieu of permanent partial disability benefits.

Argued December 2, 2024—officially released March 18, 2025

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Fifth District approving the

conversion of the plaintiff's temporary partial incapacity benefits to permanent partial disability benefits and denying ongoing temporary partial incapacity benefits, brought to the Compensation Review Board, which affirmed the commissioner's decision; thereafter, the plaintiff appealed to the Appellate Court, *Moll*, *Cradle* and *Suarez*, *Js.*, which affirmed the board's decision, and the plaintiff, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Justin A. Raymond*, for the appellant (plaintiff).

*Katherine A. Roseman*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Joshua Perry*, former solicitor general, for the appellee (named defendant).

*Robert F. Carter* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Dana M. Hrelic* and *Meagan A. Cauda* filed a brief for the Connecticut Business and Industry Association of Connecticut et al. as amici curiae.

*Opinion*

DANNEHY, J. The sole question in this appeal is whether an administrative law judge with the Workers' Compensation Commission (commission) has the authority to award ongoing temporary partial incapacity benefits under General Statutes § 31-308 (a) to a claimant who has reached maximum medical improvement and is therefore eligible to receive permanent partial disability benefits under § 31-308 (b).[1] The Appellate Court

[1] Although § 31-308 has been amended since the compensable injury took place in the present case; see, e.g., Public Acts 2021, No. 21-18, §1; Public Acts 2021, No. 21-196, § 59; those amendments have no bearing on the merits of this appeal. For purposes of clarity and convenience, we refer to the current revision of the statute.

We note that one of the amendments, effective October 1, 2021, changed the name of the commission's administrative adjudicators from "workers' compensation commissioners" to "administrative law judges." Public Acts 2021, No. 21-18, § 1. Although the commission's administrative adjudicator in the present case was still known as a commissioner at the time he issued

answered that question in the negative. *Gardner* v. *Dept. of Mental Health & Addiction Services*, 223 Conn. App. 221, 242–43, 308 A.3d 550 (2024). We disagree with the Appellate Court and conclude that § 31-308 (b) gives an administrative law judge the discretion to award a claimant, after he or she reaches maximum medical improvement, ongoing temporary partial incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b), up to the statutory maximum of 520 weeks. Accordingly, we reverse the judgment of the Appellate Court.

I

In April, 2016, the plaintiff, Beulah Gardner, suffered a compensable work-related injury to her left wrist while she was employed by the named defendant, the Department of Mental Health and Addiction Services.[2] The injury occurred as a result of the plaintiff's having to restrain a patient at Whiting Forensic Hospital, where she worked as a forensic treatment specialist. Following the incident, the plaintiff was treated for her injury and was paid indemnity benefits.[3] She eventually under-

the June 2, 2021 decision that is the subject of this appeal, we nonetheless refer to him as an administrative law judge in order to avoid any confusion, and we refer, in the interest of simplicity, to all administrative adjudicators referenced in this opinion as administrative law judges.

[2] Gallagher-Bassett Services, Inc., a third-party workers' compensation administrator, was also a defendant in this action. Gallagher-Bassett Services, Inc., has not participated in this appeal, and, accordingly, we refer in this opinion to the department as the defendant.

[3] The administrative law judge found that the plaintiff was eligible to receive indemnity benefits at 100 percent under General Statutes § 5-142 (a). Section 5-142 (a) provides in relevant part: "If any member of . . . any institution for the care and treatment of persons afflicted with any mental defect . . . sustains any injury . . . while attending or restraining an inmate of any such institution . . . and . . . that is a direct result of the special hazards inherent in such duties, the state shall pay all necessary medical and hospital expenses resulting from such injury. If total incapacity results from such injury, such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on an inactive payroll. Such person shall continue to receive the full salary that such person was receiving at the time of injury subject to all salary

went a "left hand trigger thumb release" surgery, but her pain nevertheless persisted.

On May 8, 2018, an administrative law judge approved a voluntary agreement of the parties regarding compensability of the plaintiff's injury. The authorized treating physician diagnosed the injury as "[l]eft nondominant wrist intersection syndrome and [carpal tunnel syndrome]." Thereafter, in light of the plaintiff's persisting pain, she subsequently came under the care of another surgeon who performed a second surgical procedure, after which the plaintiff's symptoms improved.

On October 4, 2019, the defendant sent the plaintiff a separation letter explaining that, in light of the permanent restrictions assigned to her by her hand surgeon, the plaintiff was unable to continue her employment at Whiting Forensic Hospital but that she was eligible for a transfer to a less physically demanding position with another state agency. The correspondence also indicated that the plaintiff could resign from her job or seek a disability retirement.

On October 28, 2019, the plaintiff underwent a medical examination at the request of the defendant, which resulted in a diagnosis of posttraumatic chronic synovitis of the left wrist. The surgeon who performed the examination opined that the plaintiff had reached maximum medical improvement relative to the injury and associated surgical procedures. He indicated that the plaintiff had a light-duty work capacity with a twenty pound lifting restriction to her left hand and could not restrain patients. In March, 2020, the hand surgeon who

benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity. Thereafter, such person shall be removed from the payroll and shall receive compensation at the rate of fifty per cent of the salary that such person was receiving at the expiration of said two hundred sixty weeks as long as such person remains so disabled . . . ."

performed the plaintiff's second surgery also opined that the plaintiff had reached maximum medical improvement and assigned her a permanent partial disability rating of 8 percent to the left wrist.

On May 21, 2020, the defendant filed a form 36 notice of intention to reduce or discontinue payments,[4] which sought to convert the plaintiff's indemnity payments from temporary partial incapacity benefits to permanent partial disability benefits on the basis of her hand surgeon's opinion that the plaintiff had reached maximum medical improvement and had a light-duty work capacity. The defendant also issued voluntary agreements memorializing the hand surgeon's 8 percent permanency rating and establishing March 11, 2020, as the date of maximum medical improvement.

On June 2, 2021, following a hearing before an administrative law judge, the administrative law judge issued a written decision in which it found that the plaintiff had attained maximum medical improvement and approved the defendant's form 36 that sought to convert the plaintiff's indemnity benefits from temporary partial incapacity benefits pursuant to § 31-308 (a) to permanent partial disability benefits pursuant to § 31-308 (b), effective May 21, 2020. The administrative law judge rejected the claim that he had the discretion to award the plaintiff ongoing temporary partial incapacity benefits in lieu of permanent partial disability benefits after she reached maximum medical improvement.

The plaintiff appealed to the Compensation Review Board (board), which affirmed the administrative law

---

[4] Form 36 is a statutorily required notice to the administrative law judge and the claimant that an employer or the employer's insurer must provide before discontinuing or reducing workers' compensation payments. General Statutes § 31-296 (b). Approval by the administrative law judge is required in order for the discontinuance or reduction to be effective. General Statutes § 31-296 (b); *Esposito* v. *Stamford*, 350 Conn. 209, 213 n.5, 323 A.3d 1066 (2024).

judge's decision and agreed that ongoing temporary partial incapacity benefits are unavailable to a claimant once the claimant reaches maximum medical improvement. The board agreed with the plaintiff that, in *Osterlund* v. *State*, 129 Conn. 591, 591, 30 A.2d 393 (1943), this court held that an administrative law judge has the discretion to award benefits for either ongoing temporary partial incapacity or permanent partial disability once maximum medical improvement had been attained. The board also agreed that the statutory language in the current revision of § 31-308 (b), on which the plaintiff relies, has been altered only slightly since *Osterlund* was decided. The board nonetheless concluded that the legislative history of No. 93-228, § 19 of the 1993 Public Acts (P.A. 93-228), which amended § 31-308 and made comprehensive changes to Connecticut's workers' compensation laws, showed that the legislature eliminated an administrative law judge's discretion to award ongoing temporary partial incapacity benefits after a claimant has reached maximum medical improvement. The Appellate Court affirmed the board's decision. *Gardner* v. *Dept. of Mental Health & Addiction Services*, supra, 223 Conn. App. 242–43. We granted the plaintiff's petition for certification to resolve the limited question of whether an administrative law judge has the discretion to award ongoing temporary partial incapacity benefits under § 31-308 (a) after a claimant reaches maximum medical improvement and thereby becomes eligible to receive permanent partial disability benefits under § 31-308 (b). *Gardner* v. *Dept. of Mental Health & Addiction Services*, 348 Conn. 954, 309 A.3d 304 (2024).

II

The plaintiff claims that the express language of § 31-308 (b) gives an administrative law judge the discretion to award ongoing temporary partial incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b) after a claimant reaches

maximum medical improvement. She contends that this court held as much in *Osterlund* v. *State*, supra, 129 Conn. 591 and that *Osterlund* is still good law.

The defendant contends that nothing in the pertinent statutory provisions authorizes an administrative law judge to award ongoing temporary partial incapacity benefits after a claimant reaches maximum medical improvement. It argues that, because administrative law judges have only the powers that the General Assembly expressly gives them, and because nothing in the statute authorizes them to award temporary partial incapacity benefits after a claimant reaches maximum medical improvement, the absence of any explicit statutory authority ends the inquiry. The defendant further contends that the plaintiff is seeking precisely the benefits that the legislature eliminated thirty-one years ago. It argues that the legislative history of § 31-308, which eliminated a provision that gave administrative law judges the discretion to award temporary partial incapacity benefits to a claimant after he or she has reached maximum medical improvement; see P.A. 93-228, § 19; as well as this this court's precedent, confirms that temporary partial incapacity benefits under § 31-308 (a) end when the claimant reaches maximum medical improvement.

The present appeal presents a question of statutory interpretation. Although this court will afford deference to an agency's interpretation of a statutory provision that has been "subjected to judicial scrutiny or consistently applied by the agency over a long period of time" and is reasonable; (internal quotation marks omitted) *Meriden* v. *Freedom of Information Commission*, 338 Conn. 310, 320, 258 A.3d 1 (2021); the board's interpretation of the specific provisions at issue in this appeal has neither been time-tested nor subject to judicial scru-

tiny to warrant deferential treatment.[5] We therefore apply plenary review and our well established rules of statutory construction, mindful that this court broadly construes workers' compensation statutes in favor of disabled employees, given the remedial nature of our workers' compensation law. General Statutes § 1-2z; *Esposito* v. *Stamford*, 350 Conn. 209, 217, 323 A.3d 1066 (2024). Because we have previously construed various provisions of § 31-308, "we must consider its meaning in light of our prior cases interpreting the statute . . . ." *Callaghan* v. *Car Parts International, LLC*, 329 Conn. 564, 571, 188 A.3d 691 (2018).

Before we turn to the specific language of § 31-308, we begin with a brief overview of the benefits available to claimants under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. This court has explained that workers' compensation benefits under the act generally fall into two categories: " 'special' " or " 'specific' . . . ." *Esposito* v. *Stamford*, supra, 350 Conn. 217. Special benefits, such as temporary partial incapacity bene-

---

[5] The defendant directs us to three board decisions in support of its contention that the board's interpretation is time-tested. See *Murray* v. *Mass Mutual Life Ins. Co.*, No. 4590, CRB 1-02-11 (November 20, 2023); *Rivera* v. *Patient Care of Connecticut*, No. 6005, CRB 6-15-4 (April 12, 2016); *Rayhall* v. *Akim Co.*, No. 4321, CRB 2-00-12 (November 5, 2001). These decisions, however, do not involve a circumstance in which a claimant requested temporary partial incapacity benefits in lieu of permanent partial disability benefits after the claimant reached maximum medical improvement. Even if these decisions were apposite to the issue in the present appeal, we are not persuaded that three board decisions, over the thirty-one years since the legislature comprehensively reformed the Workers' Compensation Act, General Statutes § 31-275 et seq., as the defendant points out, constitute a time-tested interpretation. Compare *Curry* v. *Allan S. Goodman, Inc.*, 286 Conn. 390, 405–407, 944 A.2d 925 (2008) (thirteen agency decisions over at least twelve years, some of which had been subjected to judicial review, constituted time-tested interpretation), with *Dept. of Public Safety* v. *State Board of Labor Relations*, 296 Conn. 594, 600, 996 A.2d 729 (2010) (agency interpretation was not time-tested and entitled to deference when agency had applied interpretation only twice over seventeen years and interpretation had not been subject to judicial review).

fits, "continue only as long as there is an impairment of wage earning power," subject to any statutory durational limitations for receiving those benefits. *Brennan* v. *Waterbury*, 331 Conn. 672, 685, 694, 207 A.3d 1 (2019). Specific benefits, such as permanency benefits (also known as disability benefits), are awarded "for a fixed period in relation to the degree of impairment of a body part." Id.; see also *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 577, 986 A.2d 1023 (2010). A claimant will often be entitled to both specific and special benefits because they compensate a claimant for different types of losses. *Cappellino* v. *Cheshire*, 226 Conn. 569, 577–78, 628 A.2d 595 (1993). A claimant, however, "cannot receive concurrently a specific indemnity award and incapacity benefits for the same incident." *Rayhall* v. *Akim Co.*, 263 Conn. 328, 354, 819 A.2d 803 (2003). Those benefits are paid consecutively. See, e.g., *Paternostro* v. *Edward Coon Co.*, 217 Conn. 42, 48–49, 583 A.2d 1293 (1991).

The benefits available to a claimant under § 31-308 (a) are commonly referred to as temporary partial incapacity benefits. Section 31-308 (a) provides: "If any injury for which compensation is provided under the provisions of this chapter results in partial incapacity, the injured employee shall be paid a weekly compensation equal to seventy-five per cent of the difference between the wages currently earned by an employee in a position comparable to the position held by the injured employee before his injury, after such wages have been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act in accordance with section 31-310, and the amount he is able to earn after the injury, after such amount has been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act in accordance with section 31-310, except that when (1) the physician, physician assistant

or advanced practice registered nurse attending an injured employee certifies that the employee is unable to perform his usual work but is able to perform other work, (2) the employee is ready and willing to perform other work in the same locality and (3) no other work is available, the employee shall be paid his full weekly compensation subject to the provisions of this section. Compensation paid under this subsection shall not be more than one hundred per cent, raised to the next even dollar, of the average weekly earnings of production and related workers in manufacturing in the state, as determined in accordance with the provisions of section 31-309, and shall continue during the period of partial incapacity, but no longer than five hundred twenty weeks. If the employer procures employment for an injured employee that is suitable to his capacity, the wages offered in such employment shall be taken as the earning capacity of the injured employee during the period of the employment.''

The word ''incapacity'' in § 31-308 (a) ''means incapacity to work, as distinguished from the loss or loss of use of a member of the body.'' (Internal quotation marks omitted.) *Churchville* v. *Bruce R. Daly Mechanical Contractor*, 299 Conn. 185, 193, 8 A.3d 507 (2010), quoting *Rayhall* v. *Akim Co.*, supra, 263 Conn. 349–50. Section 31-308 (a) ''makes clear that if the injury results in some incapacity leaving the claimant able to perform some employment, but unable fully to perform his or her customary work, the claimant is entitled to benefits under its provisions.'' *Hansen* v. *Gordon*, 221 Conn. 29, 39, 602 A.2d 560 (1992); see also *Rayhall* v. *Akim Co.*, supra, 350. The weekly benefits available to a claimant under § 31-308 (a), however, may continue only up to the present statutory limit of ''five hundred twenty weeks . . . .'' General Statutes § 31-308 (a).

The benefits available to a claimant under § 31-308 (b), by contrast, are commonly referred to as permanent

partial disability benefits. See, e.g., *Esposito* v. *Stamford*, supra, 350 Conn. 210, 218. Permanent partial disability benefits under § 31-308 (b) "compensate the injured employee for the lifetime handicap that results from the permanent loss of, or loss of use of, a scheduled body part." *Churchville* v. *Bruce R. Daly Mechanical Contractor*, supra, 299 Conn. 192. A claimant's entitlement to permanency benefits under § 31-308 (b) vests once the claimant has reached maximum medical improve ment. General Statutes § 31-295 (c); *Esposito* v. *Stamford*, supra, 219; *Brennan* v. *Waterbury*, supra, 331 Conn. 695–96.

The plaintiff points out that § 31-308 (b), which provides in relevant part that the "administrative law judge may, in the administrative law judge's discretion, in lieu of other compensation, award to the injured employee the proportion of the sum provided in this subsection," accordingly gives an administrative law judge the discretion to award ongoing temporary partial incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b) after a claimant reaches maximum medical improvement. Both the defendant in its brief and the Appellate Court in its opinion contend that nothing in the statute expressly addresses an administrative law judge's authority to award ongoing temporary incapacity benefits under § 31-308 (a) after the claimant reaches maximum medical improvement, and they each rely on the legislative history of the law to support the claim that such benefits are unavailable once the claimant reaches maximum medical improvement. See *Gardner* v. *Dept. of Mental Health & Addiction Services*, supra, 223 Conn. App. 238–39. We turn our attention to § 31-308 (b) to determine whether its terms resolve the dispute.

Section 31-308 (b) provides in relevant part: "With respect to the following injuries, the compensation, in addition to the usual compensation for total incapacity

but in lieu of all other payments for compensation, shall be seventy-five per cent of the average weekly earnings of the injured employee, calculated pursuant to section 31-310, after such earnings have been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act made from such employee's total wages received during the period of calculation of the employee's average weekly wage pursuant to said section 31-310, but in no case more than one hundred per cent, raised to the next even dollar, of the average weekly earnings of production and related workers in manufacturing in the state, as determined in accordance with the provisions of section 31-309, or less than fifty dollars weekly. All of the following injuries include the loss of the member or organ and the complete and permanent loss of use of the member or organ referred to . . . ." Following that paragraph, § 31-308 (b) includes a schedule of body parts delineating the compensation that a claimant is entitled to for the permanent loss, or loss of use, of the listed body part. See, e.g., *Marandino* v. *Prometheus Pharmacy*, supra, 294 Conn. 577 (permanent partial disability benefits are "awarded to compensate for the loss, or loss of use, of a body part"). Section 31-308 (b) then goes on to provide: "If the injury consists of the loss of a substantial part of a member resulting in a permanent partial loss of the use of a member, or if the injury results in a permanent partial loss of function, *the administrative law judge may*, *in the administrative law judge's discretion*, *in lieu of other compensation*, award to the injured employee the proportion of the sum provided in this subsection for the total loss of, or the loss of the use of, the member or for incapacity or both that represents the proportion of total loss or loss of use found to exist, and any voluntary agreement submitted in which the basis of settlement is such proportionate payment may, if otherwise conformable to

the provisions of this chapter, be approved by the administrative law judge in the administrative law judge's discretion. Notwithstanding the provisions of this subsection, the complete loss or loss of use of an organ which results in the death of an employee shall be compensable pursuant only to section 31-306." (Emphasis added.)

The first paragraph of § 31-308 (b) simply sets forth how weekly benefits under that subsection should be calculated, including the maximum and minimum weekly compensation rates thereunder. The first paragraph of § 31-308 (b) also states that the compensation thereunder is "in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation . . . ." We have explained that this phrase "merely was intended to prohibit double payment of permanency awards and to address our [previous] case law precluding a claimant suffering incapacity following a permanent disability from being able to thereafter collect total incapacity benefits." *Rayhall* v. *Akim Co.*, supra, 263 Conn. 356. As we have explained, it is settled law "that a claimant cannot receive concurrently a specific indemnity award and incapacity benefits for the same incident." Id., 354, citing *Paternostro* v. *Edward Coon Co.*, supra, 217 Conn. 49.

The paragraph in § 31-308 (b) that follows the schedule of body parts discusses how an administrative law judge is to award benefits under that subsection. Contrary to the defendant's and the Appellate Court's assertions that nothing in the statute addresses an administrative law judge's authority to award ongoing temporary incapacity benefits under § 31-308 (a) after the claimant reaches maximum medical improvement, the pertinent language on which the plaintiff relies appears to give the administrative law judge precisely that discretion. The statute provides that the administrative law judge "may," but is not required to (i.e., "in the administrative

law judge's discretion"), award permanent partial disability benefits under § 31-308 (b) in lieu of other compensation, meaning that the administrative law judge has the discretion to award other benefits under the act, such as total or partial incapacity benefits, after the claimant reaches maximum medical improvement, in lieu of permanent partial disability benefits. General Statutes § 31-308 (b).

Although this seemingly clear language in § 31-308 (b) appears to give an administrative law judge the discretion to continue ongoing temporary partial incapacity benefits under § 31-308 (a) after a claimant reaches maximum medical improvement, we are mindful that the meaning of this language cannot be ascertained in isolation but, rather, must be considered in relation to other statutes. General Statutes § 1-2z. This principle is especially important in the workers' compensation context, given the complexity of the act.

The only statute that has been brought to our attention in this regard is the Appellate Court's reference to General Statutes § 31-295 (c). Although that provision was not material to its disposition, the Appellate Court observed that § 31-295 (c) "provides that permanent partial disability benefits pursuant to § 31-308 (b) shall be paid after the date of maximum medical improvement of the injured employee." *Gardner* v. *Dept. of Mental Health & Addiction Services*, supra, 223 Conn. App. 237. The court stated that, under § 31-295 (c), "permanent partial disability payments become *payable* after an injured employee has attained maximum medical improvement . . . ." (Citation omitted; emphasis in original.) Id., 238. Given the relationship between §§ 31-295 (c) and 31-308 (b), we turn our attention to § 31-295 (c) to determine whether it impacts our reading of § 31-308 (b).

Section 31-295 (c)[6] provides in relevant part: "If the employee is entitled to receive compensation for permanent disability to an injured member in accordance with the provisions of subsection (b) of section 31-308, *the compensation shall be paid to him beginning not later than thirty days following the date of the maximum improvement of the member or members* and, if the compensation payments are not so paid, the employer shall, in addition to the compensation rate, pay interest at the rate of ten per cent per annum on such sum or sums from the date of maximum improvement . . . ." (Emphasis added.) Although one could read the italicized language as limiting an administrative law judge's discretion to continue to award temporary incapacity benefits (both total and partial) once maximum medical improvement had been reached, this court has interpreted the act to allow the continuation of temporary *total* incapacity benefits payable under General Statutes § 31-307 after the point of maximum medical improvement. See, e.g., *McCurdy* v. *State*, 227 Conn. 261, 268–69, 630 A.2d 64 (1993). The board's decision in this case acknowledges that it is well established that a claimant is eligible for ongoing temporary total incapacity benefits after maximum medical improvement has been reached. To that end, we recently explained that, "pursuant to . . . § 31-295 (c), a claimant's entitlement to permanency benefits under § 31-308 (b) *vests* once the claimant has reached maximum medical improvement" and that an employer has the "obligation to pay § 31-308 permanency benefits *sometime in the future*." (Emphasis added.) *Esposito* v. *Stamford*, supra, 350 Conn. 219–20. We did not state, however, that incapacity benefits must immediately end and that permanent partial disability benefits must immediately begin. See id. In other words, we have not

[6] Although § 31-295 has been the subject of technical amendments since the compensable injury took place in this case; see Public Acts 2022, No. 22-89, § 20; those changes have no bearing on the merits of this appeal. For purposes of clarity, we refer to the current revision of the statute

interpreted § 31-295 (c) to limit an administrative law judge's discretion to continue incapacity benefits (total or otherwise) after a claimant reaches maximum medical improvement.

We therefore do not read § 31-295 (c) as impacting the clear discretion afforded to an administrative law judge under § 31-308 (b) to award ongoing temporary partial incapacity benefits under § 31-308 (a) after a claimant reaches maximum medical improvement, as a contrary interpretation would arbitrarily treat temporary partial incapacity benefits materially differently than temporary total incapacity benefits. Accordingly, we conclude that the clear and unambiguous language of § 31-308 (b) gives an administrative law judge the discretion to award a claimant, after he or she reaches maximum medical improvement, ongoing temporary partial incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b), up to the statutory maximum of 520 weeks.

Our interpretation of § 31-308 (b) is supported by our decision in *Osterlund* v. *State*, supra, 129 Conn. 600, in which this court interpreted statutory language nearly identical to the language at issue in the present appeal. The applicable statute in *Osterlund* provided in relevant part: "In case the injury shall consist of the loss of a substantial part of a member resulting in a permanent partial loss of the use of the member, or, in case the injury shall result in a permanent partial loss of function, *the commissioner may, in his discretion, in lieu of other compensation*, award to the injured person such a proportion of the sum herein provided for the total loss of, or loss of the use of, such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist." (Emphasis added; internal quotation marks omitted.) Id., 597–98, quoting General Statutes (Cum. Supp. 1939) § 1328e. We held that, "[when] there is *a total or partial incapacity*

*followed by a permanent partial loss of function* the situation is governed by the portion of the statute we have quoted, which provides that, in such a case, the commissioner 'may, in his discretion, in lieu of other compensation' make an award of specific compensation." (Emphasis added.) Id., 600. We explained that "[t]he thought back of this provision was evidently that there might be, in case of partial loss of function, a great disproportion between the amount of specific compensation provided and the actual effect of the injury, either from the standpoint of the employee's earning capacity or the physical impairment he suffered. Thus, if a desk worker suffered such an injury as did the plaintiff in this case, it might not at all affect his earning capacity and might constitute a very slight permanent injury from the standpoint of physical impairment. In other instances, the reverse of this might be true. *In the case of a partial loss of function of one of the members specified in the statute, the commissioner is called* [*on*], *when the stage of maximum improvement has been reached, to exercise his sound judgment in deciding whether to award specific compensation* [*on*] *the basis fixed in the statute or to permit the weekly compensation for incapacity to continue*." (Emphasis added.) Id.

The defendant does not meaningfully address the discretionary provision in § 31-308 (b) or otherwise provide any alternative, plausible interpretation of that language. It instead argues that the legislative history of § 31-308 shows that an administrative law judge has no discretion to award partial incapacity benefits after a claimant reaches maximum medical improvement. Specifically, it argues that, before 1993, General Statutes (Rev. to 1991) § 31-308 (d),[7] as amended by No. 91-339,

---

[7] General Statutes (Rev. to 1991) § 31-308 (d), as amended by No. 91-339, § 28, of the 1991 Public Acts (effective October 1, 1991), provided: "In the case of an injury to any portion of the body referred to in subsection (b) of this section, or to a phalanx of phalanges of the thumb, finger or toe, the commissioner may, in his discretion, award compensation for the proportionate loss or loss of use of the member of the body affected by the injury.

§ 28, of the 1991 Public Acts (effective October 1, 1991), gave administrative law judges the discretion to award temporary partial incapacity benefits "even if" a worker had reached maximum medical improvement. But, in 1993, the defendant contends, the legislature passed P.A. 93-228, which deleted subsection (d) containing that language. It argues that this shows that the legislature took away an administrative law judge's discretion to award temporary partial incapacity benefits in lieu of permanent partial disability benefits after the claimant reaches maximum medical improvement. According to the defendant, a recurrent theme throughout the legislative history was curtailing administrative law judges' authority to award discretionary benefits.

The shortcoming in the defendant's argument, as well as the Appellate Court's analysis, is that both overlook the mandates of § 1-2z. Section 1-2z provides that "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." The language in § 31-308 (b) to which the plaintiff directs us is plain and unambiguous with respect to the question pre-

Where the injury results in a loss of earnings, the commissioner shall, in his discretion, direct that the claimant be paid partial compensation for loss of earnings, as provided in this section, if it is in the interest of the injured employee to be paid the partial compensation even if the injured member may have attained maximum improvement. Partial compensation shall be paid under this subsection for as long as the loss of earnings continues. If the injured employee's loss of earnings ends, he shall be paid for permanent injuries in accordance with the provisions of subsection (b) of this section, minus any payments for partial compensation, for weeks subsequent to the date on which maximum improvement in the injured member had been attained. If there is no loss of earnings resulting from the injury, payments shall be made in accordance with the provisions of subsection (b) of this section."

sented in this case and does not yield absurd or unworkable results. It is therefore inappropriate for us to consult extratextual sources in the manner advanced by the defendant. Although legislative history may be reviewed when there is an ambiguity in the legislative text, we will not rely on that history to create an ambiguity that is not apparent on the face of the statute.

The defendant's and the Appellate Court's reliance on legislative history also disregards our previous interpretation in *Osterlund*. Although the defendant contends and the Appellate Court observed that *Osterlund's* interpretation, which gave an administrative law judge the discretion to award ongoing temporary partial incapacity payments after a claimant reaches maximum medical improvement, was essentially nullified by the 1993 amendments; see *Gardner* v. *Dept. of Health & Addiction Services*, supra, 223 Conn. App. 241; they fail to adequately explain why we would disregard our interpretation in *Osterlund* when the language at issue in that case is essentially the same as the language in the present case and has remained in the statute since 1943, when *Osterlund* was decided. See, e.g., *Marandino* v. *Prometheus Pharmacy*, supra, 294 Conn. 576–77 (explaining that, in interpreting language and interrelationship of workers' compensation provisions, "we do not write on a clean slate, but are bound by our previous judicial interpretations of this language and the statutory scheme"). What is more, this court has never overruled *Osterlund* or questioned its vitality, and has routinely cited to it in our workers' compensation decisions without limitation. See, e.g., *Esposito* v. *Stamford*, supra, 350 Conn. 219 (citing to *Osterlund* in support of proposition that entitlement to permanency benefits under § 31-308 (b) "vests" once claimant has reached maximum medical improvement); *McCurdy* v. *State*, supra, 227 Conn. 268–69 (explaining that, in *Osterlund*, we overruled two earlier cases to extent that they pre-

cluded administrative law judge from exercising discretion to continue incapacity payments to claimant who had reached maximum medical improvement).

The defendant argues that our post-1993 precedent in *Rayhall* v. *Akim Co.*, supra, 263 Conn. 328, supports its position that an administrative law judge lacks the authority to award ongoing temporary partial incapacity benefits after a claimant reaches maximum medical improvement. In *Rayhall*, we addressed whether a claimant who had sustained injuries to two body parts arising from the same incident was required to receive compensation for permanent partial disability as soon as the claimant reached permanent status with respect to one body part, even if the claimant was temporarily partially incapacitated with respect to the other one. Id., 353–54. The defendant in that case argued that § 31-295 (c) mandates that a permanent disability award be paid as soon as the claimant has reached maximum medical improvement with respect to one body part. Id., 335–36. We disagreed with the defendant. We explained that, "[b]ecause . . . nothing in § 31-295 (c) . . . expressly prohibits the plaintiff from receiving incapacity benefits until both his legs have reached maximum medical improvement, and such a result does not undermine the purpose of the [act] . . . the board properly determined that the plaintiff is entitled to incapacity benefits until both legs reach permanency status." Id., 358.

The defendant highlights the "until both his legs have reached maximum medical improvement" and the "until both legs reach permanency status" language in *Rayhall*, to suggest that this court held that temporary partial incapacity benefits under § 31-308 (a) end and permanent partial disability benefits must begin at the point of maximum medical improvement. But the defendant reads too much into *Rayhall*. *Rayhall* simply held that a worker can be transitioned from temporary par-

tial incapacity benefits to permanent partial disability benefits only after she has reached maximum medical improvement for all compensable body parts. Id. It was a recognition that a claimant's entitlement to permanent disability benefits becomes totally vested when the claimant reaches maximum medical improvement with respect to all compensable body parts. Nowhere in *Rayhall* did this court address the issue of an administrative law judge's discretion to award ongoing temporary partial incapacity benefits in lieu of permanent partial disability benefits after a claimant reaches maximum medical improvement for all body parts or otherwise discuss or call into question this court's earlier decision in *Osterlund*.[8]

[8] The defendant also directs us to the Appellate Court's decision in *Testone* v. *C. R. Gibson Co.*, 114 Conn. App. 210, 220, 969 A.2d 179, cert. denied, 292 Conn. 914, 973 A.2d 663 (2009), in which that court stated that "[t]emporary partial [incapacity] benefits under . . . § 31-308 (a) are available 'until the injured worker has reached maximum medical improvement . . . .' 1 A. Sevarino, Connecticut Workers' Compensation After Reforms (3d Ed. 2006) § 6.06.3, p. 970 . . . ." (Citations omitted.) It contends that this is further support that an administrative law judge does not have the discretion to award ongoing temporary partial incapacity benefits after a claimant reaches maximum medical improvement. The plaintiff argues that the quote in *Testone* to which the defendant directs us is based on a misinterpretation of Attorney Angelo Paul Sevarino's treatise, and that the Appellate Court in the present case again relied on that misinterpreted quote. See *Gardner* v. *Dept. of Mental Health & Addiction Services*, supra, 223 Conn. App. 230. The plaintiff appends to her principal brief what she calls a "Letter from Angelo Paul Sevarino, Esq. (March 4, 2023)," which purports to be a letter from Sevarino clarifying the meaning of the section of his treatise that is referenced in *Testone* and the Appellate Court's decision in the present case. On May 17, 2023, the Appellate Court granted the defendant's motion to strike Sevarino's letter, which was included in the appendix to the plaintiff's reply brief to that court. Like the Appellate Court, we decline to consider the purported letter from Sevarino because the letter was neither presented to the administrative law judge nor authenticated. See, e.g., *Rainbow Housing Corp.* v. *Cromwell*, 340 Conn. 501, 523 n.12, 264 A.3d 532 (2021) ("[t]his evidence was not presented to the trial court and cannot be considered for the first time on appeal").

Moreover, it is clear from *Testone* that the excerpt that the defendant highlights is merely dictum, as it was irrelevant to the question in that case of whether the administrative law judge properly admitted and used three

In sum, the plain and unambiguous language of § 31-308 (b) gives an administrative law judge the discretion to award a claimant, after he or she reaches maximum medical improvement, ongoing temporary incapacity benefits under § 31-308 (a) in lieu of permanent partial disability benefits under § 31-308 (b), up to the statutory maximum of 520 weeks. As this court has explained, the statutory language contemplates that there "might be, in case of partial loss of function, a great disproportion between the amount of specific compensation provided and the actual effect of the injury, either from the standpoint of the employee's earning capacity or the physical impairment [she] suffered. . . . In the case of a partial loss of function of one of the members specified in the statute, the [administrative law judge] is called [on], when the stage of maximum improvement has been reached, to exercise his sound judgment in deciding whether to award specific compensation [on] the basis fixed in the statute or to permit the weekly compensation for incapacity to continue." *Osterlund* v. *State*, supra, 129 Conn. 600.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the decision of the Compensation Review Board and to remand the case to the board for it to reverse the administrative law judge's decision and to remand the case to the administrative law judge for further proceedings according to law.

In this opinion the other justices concurred.

---

independent medical examination reports in denying the plaintiff's claim of temporary partial incapacity benefits. See *Testone* v. *C. R. Gibson Co.*, supra, 114 Conn. App. 215. More important, this court is not bound by the Appellate Court's decision. See, e.g., *Potvin* v. *Lincoln Service & Equipment Co.*, 298 Conn. 620, 652, 6 A.3d 60 (2010) ("[d]ecisions of the Appellate Court are not binding on this court").